IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


FEDERAL TRADE COMMISSION,

           Plaintiff,

    v.

ADEPT MANAGEMENT, INC., et al,

           Defendants.

Case No. 1:16-CV-00720-CL

**ORDER**

CLARKE, Magistrate Judge,

    Plaintiff, the Federal Trade Commission ("FTC") brings claims against more than thirty defendants, alleging claims under section 5(a) and section 13(b) the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), to obtain preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies and other equitable relief. The FTC claims that the defendants, who are a large number of corporate entities, groups, and individuals, engaged in a nationwide campaign using misrepresentations to solicit newspaper renewals and new subscriptions from consumers. Most of the defendants claim that they operated a legitimate and legal solicitation business. The case comes before the Court on a motion to dismiss (#36) by two defendants, Dennis Simpson and

Page 1 – ORDER

Reality Kats, Inc., as well as a motion to strike affirmative defenses (#39) by the FTC against all four answers filed so far (##31, 32, 33, 34). For the reasons below, the motion to dismiss is DENIED, and the motion to strike affirmative defenses is GRANTED in part and DENIED in part. Plaintiff's requests for judicial notice (#38, 40) are DENIED.

## BACKGROUND

The Federal Trade Commission brings claims against a large number of corporate and individual defendants, alleging a complex scheme to defraud consumers by sending mass mailings designed to look like subscription notices. The FTC alleges that defendants represented that they were authorized by, or acting on behalf of, the publishers to obtain and renew subscriptions, when they did not have such authorization, causing consumers to experience delivery problems, delays, or in some cases failing to receive the requested newspapers at all.

Defendants are corporate entities and groups from Oregon, Nevada, and New York, as well as individuals, most of whom have been owners or managers or employees of the various corporate entities. The Complaint classifies the corporate defendants into the following five categories: (1) Direct Mail Marketing, (2) Receiving, (3) Processing and Clearing, (4) Owners, and (5) Consultants. The majority of the defendants claim that they operated a legitimate and legal business soliciting magazine and newspaper subscriptions.

## DISCUSSION

**1. Defendants' motion to dismiss is denied.**

Defendants Dennis Simpson and Reality Kats, Inc. (the "Simpson defendants") are alleged to be part of the "Consultants" category. They argue that the allegations asserted against them in Plaintiff's complaint fail to state a claim for relief, and are insufficient to establish subject matter jurisdiction. Because the complaint adequately alleges that the Simpson

defendants were involved in a common enterprise and that the common enterprise violated the Federal Trade Commission Act (FTC Act), the motion is denied.

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." The plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003)

Page 3 – ORDER

(internal quotation marks omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1108.

District courts in the Ninth Circuit have held that Rule 9(b) applies to claims brought under Section (5) of the FTC Act because such claims "sound in fraud," "in that the FTC has alleged that the defendants collectively engaged in a unified course of fraudulent conduct, which forms the entire basis of the claims alleged." *F.T.C. v. AMG Servs., Inc.*, No. 2:12-CV-00536-GMN, 2012 WL 6800525, at *2 (D. Nev. Nov. 1, 2012), *report and recommendation adopted sub nom. F.T.C. v. AMG Servs.*, No. 2:12-CV-00536-GMN, 2012 WL 6800778 (D. Nev. Dec. 28, 2012). However, the Ninth Circuit has also held that the court may relax 9(b)'s particularity requirements in circumstances where it may be difficult to identify the specific actions that a corporate officer took in causing harm to the plaintiff. *See id.; Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir.1989) (holding that a complaint need only include the roles of individual defendants in corporate fraud cases where possible, because such situations make it difficult to attribute particular conduct to each defendant).

Regarding violations of the FTC Act, the Ninth Circuit has held that "[w]here corporate entities operate together as a common enterprise, each may be held liable for the deceptive acts and practices of the others." *F.T.C. v. Grant Connect, LLC*, 763 F.3d 1094, 1105 (9th Cir. 2014) (citing *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1143 (9th Cir.2010)). Additionally, individuals may be liable when they have personally participated in the scheme, or when they have control over an entity that operates in the common scheme. *Id.*

In this case, the FTC has sufficiently pled its claims against the Simpson defendants. The parties have not raised the issue, but the Court assumes, without deciding, that the FTC's claims are subject to the heightened pleading requirement imposed by Rule 9(b). *See F.T.C. v. Johnson*, 2013 WL 2460359, at *5 (D. Nev. June 6, 2013) (similarly assuming without deciding). The bulk of the complaint is dedicated to describing the allegedly fraudulent conduct of the entire enterprise, with direct detail concerning the allegedly deceptive language used in the mailers, the method and manner the mailers were used, and the roles of each defendant in the scheme. The complaint sufficiently alleges a common enterprise by articulating control by 10 individual defendants of the 25 corporate defendants, which use 94 different entity names, intermingling and sharing of officers and employees and registered agents, and sharing of office space and business locations.

Specifically regarding the Simpson defendants, the complaint alleges that they provided financial, management, and consulting services to the other entities in the common scheme, and that Reality Kats, Inc. has an address in common with Defendant Hoyal & Associates, which is also the address of the residence of individual defendants Jeffery and Lori Hoyal. Defendant Dennis Simpson is alleged to have controlled Reality Kats in providing services to the common scheme, as well as individually providing consulting services to Hoyal & Associates and Maximillian, Inc., two of the corporate defendants. Because the complaint adequately alleges a common scheme, and the Simpson defendants' roles in that scheme, Plaintiff has sufficiently stated a claim for relief under the FTC Act.

This Court has subject matter jurisdiction over these claims under several different provisions, as cited in Plaintiff's complaint. At the very least, the Court has federal question

jurisdiction under 28 U.S.C. § 1331, because Plaintiff sufficiently alleges violation of a federal law. Defendants' motion is therefore denied.

### 2. Plaintiff's motion to strike affirmative defenses is granted in part.

Under Rule 12(f), the court has the discretion to strike a pleading or portions thereof. *MGA Entm't, Inc. v. Mattel, Inc.*, 2005 WL 5894689, at *4 (C.D. Cal. 2005). In considering a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. *McDonald v. Alayan Alayan*, No. 3:15-CV-02426-MO, 2016 WL 2841206, at *2 (D. Or. May 13, 2016) (citing *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). The Ninth Circuit has required affirmative defenses to give "fair notice," which "only requires describing the defense in general terms." *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); Pleading Affirmative Defenses, 5 Fed. Prac. & Proc. Civ. § 1274 (3d ed.). District courts within the Ninth Circuit are split on how the "fair notice" standard relates to the factual plausibility pleading standard the Supreme Court outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but courts in the District of Oregon have found that "'fair notice' is a different, less stringent standard than the factual plausibility standard articulated in *Twombly* and *Iqbal*." *Alayan Alayan*, No. 3:15-CV-02426-MO, 2016 WL 2841206, at *2. Fair notice does not require a detailed statement of facts. *Id.* at 3 (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013)). But it does require the defendant state the nature and grounds for the affirmative defense. *Id.*

In this case, the four Answers that have been filed so far (##31, 32, 33, 34) list many different affirmative defenses, including "Acts or Omissions of a Third-Party", "Regulations. . . Inapplicable under the First Amendment," "Applicable Standards and Duties," "Lack of Material Representation, Omission, or Practice," among others. Three of the Answers (31-33) allege

Page 6 – ORDER

eleven such defenses. None of these include a single factual allegation other than the conclusory recitation of the defense, with the appropriate party and pronoun specified. The Court finds that such conclusory statements do not meet even the lower pleading standard required in the Ninth Circuit for affirmative defenses. The defendants have not given "fair notice" as to how any of the defenses apply in this case, or whether each applies to liability, or potential remedy. All eleven of these affirmative defenses are therefore dismissed with leave to re-plead or to file an Amended Answer that complies with the standard, as stated above.

As to the fourth Answer (#34), all of the affirmative defenses are dismissed for the same reasons above, except for one. The Second Affirmative Defense, for "unclean hands" sufficiently states a factual basis for the defense, and does not need to be re-pled.

## ORDER

The Defendants' motion to dismiss (#36) is denied. Plaintiff's motion to strike affirmative defenses is (#39) is granted. Defendants shall file any amended pleadings prior to the Rule 16 Conference, set on December 14, 2016.

Concurrent with the motions filed in this case, Plaintiff has filed two separate requests for judicial notice. The documents submitted to the court for consideration did not factor in to the Court's decision on either motion, therefore the requests are denied as moot. Plaintiff may renew the requests, if appropriate, at a later stage of the litigation, and the court will reconsider them at that time.

DATED this 3rd day of November, 2016.

MARK D. CLARKE
United States Magistrate Judge