IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FEDERAL TRADE COMMISSION,

                Plaintiff,

v.

ADEPT MANAGEMENT, INC., et al,

                Defendants.

Case No. 1:16-CV-00720-CL

**OPINION
AND ORDER**

CLARKE, Magistrate Judge,

      Plaintiff, the Federal Trade Commission ("FTC"), brings claims against more than thirty defendants, alleging claims under section 5(a) and section 13(b) the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), to obtain preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies and other equitable relief. The FTC claims that the defendants, who are a large number of corporate entities, groups, and individuals, engaged in a nationwide campaign using misrepresentations to solicit newspaper renewals and new subscriptions from consumers. Most of the defendants claim that they operated a legitimate and legal solicitation business.

The case comes before the Court on a motion by the FTC to strike the affirmative defenses, jury demands, and cross claims filed by Dennis Simpson and Reality Kats, Inc., as well as a motion to dismiss the cross claims filed by the Hoyal defendants. The FTC and Attorney David Lennon have also filed motions to dismiss a Third Party Complaint filed by the Simpson defendants. For the reasons below, the FTC's motion (#86) is GRANTED in part and DENIED in part. The Hoyal defendants' motion (#89) is GRANTED. Motions (#107) and (#118) to dismiss the Third Party Complaint are both GRANTED.

## BACKGROUND

The Federal Trade Commission brings claims against a large number of corporate and individual defendants, alleging a complex scheme to defraud consumers by sending mass mailings designed to look like subscription notices. The FTC alleges that defendants represented that they were authorized by, or acting on behalf of, the publishers to obtain and renew subscriptions, when they did not have such authorization, causing consumers to experience delivery problems, delays, or in some cases failing to receive the requested newspapers at all.

Defendants are corporate entities and groups from Oregon, Nevada, and New York, as well as individuals, most of whom have been owners or managers or employees of the various corporate entities. The Complaint classifies the corporate defendants into the following five categories: (1) Direct Mail Marketing, (2) Receiving, (3) Processing and Clearing, (4) Owners, and (5) Consultants. The majority of the defendants claim that they operated a legitimate and legal business soliciting magazine and newspaper subscriptions.

## DISCUSSION

### 1. Plaintiff's motion to strike Simpson affirmative defenses is denied.

Under Rule 12(f), the court has the discretion to strike a pleading or portions thereof. *MGA Entm't, Inc. v. Mattel, Inc.*, 2005 WL 5894689, at \*4 (C.D. Cal. 2005). In considering a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. *McDonald v. Alayan Alayan*, No. 3:15-CV-02426-MO, 2016 WL 2841206, at \*2 (D. Or. May 13, 2016) (citing *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). The Ninth Circuit has required affirmative defenses to give "fair notice," which "only requires describing the defense in general terms." *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015); Pleading Affirmative Defenses, 5 Fed. Prac. & Proc. Civ. § 1274 (3d ed.). District courts within the Ninth Circuit are split on how the "fair notice" standard relates to the factual plausibility pleading standard the Supreme Court outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), but courts in the District of Oregon have found that "'fair notice' is a different, less stringent standard than the factual plausibility standard articulated in *Twombly* and *Iqbal.*" *Alayan Alayan*, No. 3:15-CV-02426-MO, 2016 WL 2841206, at \*2. Fair notice does not require a detailed statement of facts. *Id.* at 3 (citing *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013)). But it does require the defendant state the nature and grounds for the affirmative defense. *Id.*

In this case, the Court granted Plaintiff's previous motions to strike affirmative defenses in four of the defendants' Answers (##31, 32, 33, 34). After that opinion was issued (#72), the Simpson defendants filed their Answer (#76), and Plaintiff now brings a similar motion to strike those affirmative defenses as well. The Answers previously dismissed listed many boilerplate affirmative defenses, including "Acts or Omissions of a Third-Party", "Regulations. . . Inapplicable under the First Amendment," "Applicable Standards and Duties," "Lack of Material Representation, Omission, or Practice," among others. None of these include sufficient factual

allegations other than the conclusory recitation of the defense, with the appropriate party and pronoun specified. The Court found that such conclusory statements did not meet the pleading standard required in the Ninth Circuit for affirmative defenses. The defendants did not give "fair notice" as to how any of the defenses applied in the case, or whether each applied to liability, or potential remedy.

By contrast, and with the benefit of the Court's Order (#72), the Simpson defendants have alleged sufficient factual content to meet the pleading standard for affirmative defenses. For example, in the Eight Affirmative Defense (Laches), it is alleged:

> The Complaint is barred in whole or in part based on laches. In 2004, the Simson Defendants entered a consent judgment with the State of Oregon. Twelve years later, the FTC brings a claim against the same parties for the same offense. The FTC requested this Court take judicial notice of the Oregon Consent Judgment, which the FTC has been aware of for some time. This twelve-year delay has caused injury and prejudice to the Simpson Defendants because they believed they were following the law during that time period. Had they been given reasonable notice of any alleged violation, if any, steps would have been taken to remedy those actions. Instead, twelve years later, the FTC brings claims of alleged violations, which has resulted in significant financial and business losses to the Simpson defendants.

Simpson Answer (#76, ¶73). This is not a boilerplate affirmative defense. It alleges specific factual material, and gives more than "fair notice" to the FTC as to how the defense applies to the case. The Court has reviewed all ten affirmative defenses and finds them to be sufficiently pled by the Simpson defendants. Plaintiff may of course dispute the substantive merits of each defense, but at this phase of the case resolving that dispute would not "streamline the proceedings," but instead have the opposite effect.

Similarly, Plaintiff's other arguments for striking the affirmative defenses are not persuasive at this time. The procedural posture of the case, combined with the scarcity of the Plaintiff's own allegations against the Simpson defendants and lack of a fully developed record

do not allow the Court to adequately evaluate the merits of the affirmative defenses at this time. The FTC's footnote regarding whether equitable defenses such as waiver, estoppel, laches and unclean hands are available against the government is not addressed at this time for the same reasons. Plaintiff may raise these issues at summary judgment or other dispositive motion phase of this case.

### 2. Plaintiff's motion to strike defendants' jury demand is granted.

The Seventh Amendment's guarantee to trial by jury is limited to suits brought in law, not in equity. *See Tull v. United States*, 481 U.S. 412, 417 (1987) ("[A]ctions that are analogous to 18th-century cases tried in courts of equity or admiralty do not require a jury trial."). The Ninth Circuit has recognized the equitable nature of FTC cases brought under Section 13(b), *F.T.C. v. H. N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982), and courts routinely strike demands for jury trials in Section 13(b) cases brought by the FTC. *E.g, F.T.C. v. Bronson Partners, LLC*, 2006 WL 197357, at *4 (D. Conn. Jan. 25, 2006); *F.T.C. v. Lights of Am., Inc.*, 2013 WL 5230681, at *1 (C.D. Cal. Sept. 17, 2013). Plaintiff FTC brings this action pursuant to Section 13(b) of the FTC Act, 15 USC 53(b), and seeks only equitable remedies such as injunctive relief, rescission of contracts, restitution, disgorgement, and other ancillary equitable relief. Therefore, any jury demand made by defendants in this case is improper, and the Court hereby strikes such demands from all of the Answers filed.

### 3. Plaintiff's motion to dismiss the Simpson defendants' Third Party Complaint against Attorney Lennon is granted.

Rule 14(a) of the Federal Rules of Civil Procedure provides that a defendant may, as a third-party plaintiff, file a complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual

who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986) (citations omitted). "The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court." *Id.*; *see Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir. 1994).

While judicial economy and the avoidance of duplicitous litigation counsel in favor of permitting third-party claims, such claims "may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff.") (citations omitted). Where that liability cannot be transferred to a third-party defendant, impleader is unavailable. *Id.* Moreover, "[i]t is not an abuse of discretion to deny an application for impleader where it will disadvantage the existing action." *Sw. Adm'rs, Inc.*, 791 F.2d at 777 (finding impleader inappropriate where the statutory purpose of providing a "streamlined and simplified procedure" would be frustrated by third-party claims).

While it cannot be said that the Simpson defendants' potential third-party claims against David Lennon are unrelated to the present action, asserting those claims at this juncture, in this case, would disadvantage the proceeding. The FTC rightly contends, similar to the court in *Southwest Administrators, Inc.*, that the purpose of its statutory enforcement mandate is to vindicate the rights of consumers, and to permit defendants to prosecute their own private claims alongside the FTC action would unnecessarily complicate and delay fulfillment of the agency's role. The FTC enforces the Federal Trade Commission Act, 15 U.S.C. § 41 et seq., for the benefit of the public, and any unnecessary or potentially prolonged delay here would impede the

agency's public mission.  Furthermore, pursuant to *Stewart*, it is unlikely that the Simpson

defendants could transfer their liability in a federal civil enforcement action to third-parties—to

the extent the FTC's claims sound in fraud and deceptive practices, defendants' would not be

entitled to indemnification. 845 F.2d at 200.  *See also Fed. Trade Comm'n v. Am. Evoice, Ltd.*,

2016 WL 7165904, at *3 (D. Mont. Aug. 9, 2016) (disallowing a third-party complaint in an

FTC action for the same reasons).

To the extent that the Simpson defendants seek to deny liability based on claims that they

were induced to participate in the common scheme by a third party, they may do so by

developing the record on summary judgment or other dispositive motion phase of this case.  To

the extent they have claims to assert against any third party, such claims must be brought in a

separate action. Plaintiff FTC's motion to dismiss the Third Party Complaint (#107) is granted.

Attorney David Lennon's motion to dismiss (#118) is granted for the same reasons.

### 4.  Plaintiff's motion to strike the Simpson defendants' cross claims against the Hoyal defendants is granted.

Rule 13(g) of the Federal Rules of Civil Procedure governing cross-claims against a co-

party, provides:

> A pleading may state as a cross-claim any claim by one party
> against a co-party arising out of the transaction or occurrence that
> is the subject matter either of the original action or of a
> counterclaim therein or relating to any property that is the subject
> matter of the original action. Such cross-claim may include a claim
> that the party against whom it is asserted is or may be liable to the
> cross-claimant for all or part of a claim asserted in the action
> against the cross-claimant.

The cross claims asserted against the Hoyal defendants by the Simpson mirror the Third

Party Complaint brought against Attorney David Lennon.  Although the rules governing cross-

claims are slightly different than the rules regarding third party complaints, the same principles

Page 7 – ORDER

apply. Defendants cannot indemnify themselves or seek contribution in a fraud case brought by the FTC, *see F.T.C. v. Sw. Sunsites, Inc.*, No. CV 87-6312-WMB, 1988 WL 94519, at *4 (C.D. Cal. Apr. 5, 1988), and permitting the defendants to prosecute their own private claims alongside the FTC would unnecessarily complicate and delay fulfillment of the agency's role. For the reasons discussed in the section above, the cross claims are not appropriate in this FTC action.

To the extent that the Simpson defendants seek to deny liability based on claims that they were induced to participate in the common scheme by other defendants, they may do so by developing the record on summary judgment or other dispositive motion phase of this case. To the extent they have claims to affirmatively assert against other defendants, such claims must be brought in a separate action. Plaintiff's motion to strike the Simpson defendants' cross claims is granted. The Hoyal defendants' motion to dismiss the Simpson defendants' cross claims is granted for the same reasons.

## ORDER

Plaintiff's motion (#86) is GRANTED in part and DENIED in part: the motion to strike affirmative defenses is denied, the motion to strike the jury demand is granted, and the motion to strike cross claims is granted.

Hoyal defendants' motion to dismiss cross claims (#89) is GRANTED. The Simpson defendants' cross claims are hereby dismissed from this action, without prejudice to filing such claims in a separate action not involving the Federal Trade Commission.

Motions (#107) and (#118) to dismiss the Simpson defendants' Third Party Complaint against Attorney David Lennon are both GRANTED. The Third Party Complaint (#77) is dismissed without prejudice to filing such claims in a separate action not involving the Federal Trade Commission.

DATED this ____ day of March, 2017.

MARK D. CLARKE
United States Magistrate Judge

Page 9 – ORDER