IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FEDERAL TRADE COMMISSION,

        Plaintiff,

    v.

ADEPT MANAGEMENT, INC., et al,

        Defendants.

Case No. 1:16-CV-00720-CL

**OPINION
AND ORDER**

CLARKE, Magistrate Judge,

    Plaintiff, the Federal Trade Commission ("FTC"), brings claims against more than thirty defendants, alleging claims under section 5(a) and section 13(b) the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), to obtain preliminary and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies and other equitable relief. The FTC claims that the defendants, who are a large number of corporate entities, groups, and individuals, engaged in a nationwide campaign using misrepresentations to solicit newspaper renewals and new subscriptions from consumers. Most of the defendants claim that they operated a legitimate and legal solicitation business.

    The case comes before the Court on a motion by defendants Dennis Simpson and Reality Kats, Inc., (#152) for summary judgment. Plaintiff FTC has responded by moving for relief under Rule 56(d), which allows the Court to defer ruling on a motion for summary judgment, or

Page 1 – ORDER

to allow time to take discovery before ruling. Plaintiff's motion (#153) is GRANTED. The Simpson defendants' motion (#152) is premature and is hereby deferred until after the time for factual discovery has closed.

## BACKGROUND

The Federal Trade Commission brings claims against a large number of corporate and individual defendants, alleging a complex scheme to defraud consumers by sending mass mailings designed to look like subscription notices. The FTC alleges that defendants represented that they were authorized by, or acting on behalf of, the publishers to obtain and renew subscriptions, when they did not have such authorization, causing consumers to experience delivery problems, delays, or in some cases failing to receive the requested newspapers at all.

Defendants are corporate entities and groups from Oregon, Nevada, and New York, as well as individuals, most of whom have been owners or managers or employees of the various corporate entities. The Complaint classifies the corporate defendants into the following five categories: (1) Direct Mail Marketing, (2) Receiving, (3) Processing and Clearing, (4) Owners, and (5) Consultants. The majority of the defendants claim that they operated a legitimate and legal business soliciting magazine and newspaper subscriptions.

The Simpson defendants, specifically, are alleged to have been part of the common scheme by participating as consultants. FTC alleges that the Simpson defendants have received more than $15 million from other defendants since 2010.

## STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The

moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles,* 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id.* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux,* 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles,* 66 F.3d 1052, 1056 (9th Cir. 1995).

However, "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion, or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

## DISCUSSION

Plaintiff's motion under Federal Rule of Civil Procedure 56(d) is granted, and the Simpson defendants' motion for summary judgment is deferred until after the close of discovery. A party seeking relief under Rule 56(d) must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the

sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). The party seeking relief must "explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006). The party must also show that it "diligently pursued its previous discovery opportunities, and . . . demonstrate that allowing additional discovery would . . . preclude[ ] summary judgment." *Bank of Am., NT & SA v. PENGWIN*, 175 F.3d 1109, 1118 (9th Cir. 1999).

In this case, Plaintiff FTC has met the requirements for relief under Rule 56(b). First, it has set forth the facts it hopes to elicit from further discovery, including the details of the allegedly deceptive newspaper subscription operation, the interactions between the different defendants, and the participation and responsibilities of each of them within the scheme. Second, it has asserted that these facts exist. For instance, the Simpson defendants contend that they were authorized by newspaper publishers to market subscriptions. Plaintiff, in response, contends that it has obtained declarations from a number of newspapers stating that they did not authorize such subscriptions. Plaintiff argues that it should be able to continue to pursue other similar probative discovery, such as a statement by the New York Times, which has yet to respond to a Rule 45 subpoena served by the Hoyal defendants. Such a factual dispute would preclude summary judgment.

Additionally, one of the Simpson defendant's main arguments in favor of summary judgment is the fact that "the pertinent subscription agents are no longer operating and there is no likelihood of future violations." Plaintiff disputes this contention both legally and factually, and argues that it should be allowed to pursue discovery to show whether or not the operations are continuing and whether the alleged violations are likely to reoccur. As discussed below, Plaintiff

should be given the opportunity to complete the on-going discovery efforts before the Court determines if these facts are in dispute.

Finally, Plaintiff FTC asserts that the Simpson defendants participated in the common scheme alleged in this case and that they received over $15 million from the other defendants since 2010. These facts are probative to the ultimate issues in the case, and their existence would preclude summary judgment.

There is no question that the Plaintiff has diligently pursued discovery up to this point, through document requests, requests for admissions, and interrogatories. Plaintiff has submitted its list of depositions to the Court for approval, which includes a preliminary list of ten, and a supplemental list of over twenty potential deponents, including the defendants themselves, and other employees and associates of the corporate defendants. The FTC is also analyzing hundreds of boxes of documents and 91 computer hard drives of discovery obtained from the defendants.

The Court finds that Plaintiff has set forth specific facts to be discovered that are essential to the resolution of the issues raised by defendants' motion for summary judgment. Plaintiff has diligently pursued discovery up to this point, and should be granted leave to continue to do so. The motion to defer the Simpson defendants' motion for summary judgment until after the close of discovery is GRANTED.

## ORDER

Plaintiff's motion (#153) is GRANTED. Simpson defendants' motion for summary judgment (#152) is DEFFERED until after the close of discovery in this case.

DATED this 13 day of June, 2017.

MARK D. CLARKE
United States Magistrate Judge