IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

ADEPT MANAGEMENT INC., et al,

Defendants.

Civ. No. 1:16-cv-00720-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This case comes before the Court on the Hoyal defendants' Motion (#206) to Quash a Subpoena to Rogue Credit Union. On October 18, 2017 the Court held a telephone conference with the attorneys for Plaintiff FTC and the Hoyal defendants. For the reasons below, the motion to quash is DENIED, subject to certain conditions to be imposed on the production of the documents subject to the subpoena.

The subpoena served on Rogue Credit Union by the FTC seeks production of all financial records for all accounts, business and personal, for which any of the Hoyal defendants have or had signatory authority. The Hoyal defendants object for three main reasons. First, they contend that the subpoena is overbroad; indeed the scope of the information requested would certainly include production of some documents unrelated to the litigation. Second, the Hoyal defendants

assert that this overbroad scope exposes their private banking records unnecessarily, particularly in light of the number of unrepresented parties in this case who generally would have access to any documents produced in the normal course of discovery. Third, the Hoyal defendants raise a concern about their banking relationship with the institution, Rogue Credit Union. They believe that because the bank was served a subpoena earlier this year, an additional one at this time could jeopardize their ability to maintain accounts with the institution in the future.

The Hoyal defendants do concede that the FTC has a legitimate claim to access certain banking information and records related to transactions between the Hoyal defendants and a third party, Ryan Azares, who the FTC believes is continuing to conduct business related to the deceptive mailers at issue in this litigation, and any entities related to Mr. Azares. The Hoyal defendants propose a solution whereby the FTC would withdraw the formal subpoena, and the Hoyal defendants would obtain the documents informally from Rogue Credit Union. The Hoyal defendants' counsel would then review and redact any information or records relating to irrelevant personal transactions, and produce only the relevant documents to the FTC. The FTC contends that this solution would be reasonable if not for the extremely tight timeline necessary for the FTC to receive the documents and review them prior to the Hoyal defendants' depositions, which are set to take place within the next two weeks. The FTC contends that the Hoyal defendants could have produced these documents by responding to previous document requests, and yet they declined to do so. At this late hour, a full year into the discovery process, the FTC requests that the Court deny the motion to quash.

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." Rule

26(c) authorizes the Court to limit discovery upon motion by a party with "good cause" shown to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Rule 45(d)(3) authorizes the Court to quash a subpoena under specified circumstances, including when the subpoena requires disclosure of privileged or protected materials, when an exception or waiver does not apply, or when the subpoena subjects a person to undue burden. *See also Tran v. Wells Fargo Bank, N.A.*, 2017 WL 1234131, at *2 (D. Or. Jan. 20, 2017).

First, while the Court is sensitive to the privacy concerns of the Hoyal defendants, none of the documents requested are subject to a privilege or are otherwise not discoverable. As conceded, the records sought by the FTC are relevant to Plaintiff's claims and requests for relief, and the Court has determined that they are proportional to the needs of the case. Second, while the Court is also sensitive to the Hoyal defendants' concern regarding their banking relationship with Rogue Credit Union, such a concern is not relevant to the Court's analysis of "good cause shown" because the documents sought are relevant and proportional, and do not appear to be sought for the purpose of annoyance, embarrassment, or oppression.

Third, the Court has full trust in defense counsel's ability to fairly review the banking documents and faithfully produce the relevant records sought by the FTC. However, the late timing prevents the Court from accepting the Hoyal defendants' otherwise reasonable proposed solution. Therefore, for the reasons above, the Hoyal defendants' motion to quash (#206) is DENIED.

In order to ameliorate the Hoyal defendants' concerns regarding overbreadth and privacy, the Court orders the following conditions to the execution of the FTC's subpoena. First, upon receipt of the documents from Rogue Credit Union, the FTC shall review and identify the relevant documents sought. Second, any personal information or documents that are not relevant

to the litigation shall be returned to the bank within 30 days. No copies of such personal records shall be made, and none of these records shall be produced or distributed to any of the other parties in the litigation.

Finally, Plaintiff FTC is ordered to disregard any records or information regarding the Hoyal defendants' payments to their legal counsel. This information shall be considered irrelevant under all circumstances and returned to the bank with the rest of the Hoyal defendants' personal banking records.

It is SO ORDERED and DATED this ___16___ day of October, 2017.

_____
MARK D. CLARKE
United States Magistrate Judge