IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civ. No. 1:16-cv-00720-CL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| ADEPT MANAGEMENT INC., et al, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This case comes before the Court on the Hoyal defendants' Motion (#218) for Leave to File Under Seal A Motion for Sanctions. The motion for leave to file under seal is unopposed. For the reasons below, the motion (#218) is denied. The Hoyal defendants are instructed to file their Motion for Sanctions electronically, in accordance with the Local Rules of Civil Procedure.

## DISCUSSION

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). This right is justified by the interest of citizens in "keep[ing] a

watchful eye on the workings of public agencies." *Id.* at 598. Such vigilance is aided by the efforts of newspapers to "publish information concerning the operation of government." *Id.* Unless a particular court record is one "traditionally kept secret,"[1] a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Foltz*, 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135.

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598; *accord Valley Broadcasting Co.*, 798 F.2d at 1294. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Foltz*, 331 F.3d at 1136.

---

[1] Ninth Circuit case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989). Neither applies in this case.

Additionally, the Ninth Circuit has held that a non-party's reliance on a blanket protective order is unreasonable and is not a "compelling reason" that rebuts the presumption of access. *Id.* at 1138; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir.1992) (noting that "[t]he extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery" and that reliance on a "stipulated ... blanket protective order" does not justify sealing court records).

Finally, the Court treats judicial records attached to dispositive motions differently from records attached to non-dispositive motions. *Kamakana*, 447 F.3d at 1180. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. *Id.* (citing *Foltz*. 331 F.3d at 1136). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Id.* However, the Court has broad discretion to consider all of the competing interests, including the presumption of public access and whether or not a party has made a particularized showing of harm or specific prejudice that will result from unsealing such records. *Kamakana*, 447 F.3d at 1187 (affirming the district court's order to unseal documents attached to non-dispositive motions).

In this case, the Court has reviewed the motions, briefs, and exhibits for the Motion for Leave to File Under Seal and the Motion for Sanctions, which was submitted conventionally for review, but not docketed. A motion for sanctions is not "dispositive," however the exhibits that the defendants seek to keep sealed are included for a purpose, which the Court can only assume is an attempt to call into question the substantive legitimacy of this litigation. Thus, while the motion is not dispositive, the merits of the case appear to be brought into question by documents at issue. Therefore, while the defendants need not show a "compelling reason," the Court will

consider the strong presumption in favor of public access when it evaluates whether the defendants have shown "good cause" under Rule 26(c).

The Court respects the parties' and third party's "Confidential" designation of the exhibits pursuant to the protective order. However, after reviewing the exhibits at issue, the Court does not find any privilege that applies, nor does it appear that any potential for embarrassment, harassment, public scandal, incrimination, or other possible negative impact might result from unsealing such documents. On balance, the Court finds that the Hoyal defendants have failed to make a particularized showing of harm to meet even the lower standard of "good cause" under Federal Rule of Civil Procedure 26(c). The motion (#218) is denied.

The Hoyal defendants are directed to file their motion electronically in accordance with the Local Rules of Civil Procedure.

It is SO ORDERED and DATED this ___8___ day of January, 2018.

MARK D. CLARKE
United States Magistrate Judge