IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

ADEPT MANAGEMENT INC., et al,

Defendants.

Civ. No. 1:16-cv-00720-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This case comes before the Court on a motion (#221) by the Hoyal defendants to impose sanctions on the Simpson defendants and counsel for improper discovery abuses. For the reasons below, the motion is denied.

### DISCUSSION

"The district court has great latitude in imposing sanctions for discovery abuse." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir.1996). "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626,

630–31 (1962)). A federal court has the power to discipline attorneys who appear before it; however, this power "ought to be exercised with great caution." *Id.*

The Hoyal defendants request that the Court exercise its inherent power to impose sanctions on the Simpson defendants and their counsel for "improper discovery abuses." Specifically, the Hoyal defendants claim that Dennis Simpson and his attorney Tyler King created "inappropriate outbursts" and "attempted to use the depositions of the Hoyals to elicit information for use in a different case." During the deposition Mr. King asked Jeff Hoyal questions regarding his role as the former trustee of the Scenic Trust, but, according to the Hoyals, could not articulate the relevancy to the case at hand. The Hoyal defendants claim that during this exchange, Mr. Simpson repeatedly accused Mr. Hoyal of being a "forger." Finally, Mr. King asked Mr. Hoyal questions about a confidential settlement communication from a previous lawsuit.

In response, the Simpson defendants claim that the "outbursts" were more mild than claimed by the Hoyals, that Mr. Simpson did in fact discover evidence to support his claim of forgery by Mr. Hoyal, and that Mr. Hoyal created outbursts of his own, blurting out claims that Mr. Simpson is a criminal, and that certain matters during testimony were "a lie." The Simpson defendants further claim that the questions posed to Mr. Hoyal at his deposition were relevant because the issues had already been raised by the FTC during their questioning. According to the Simpson defendants, the issues dealt with the ownership of certain databases that may have been used for determining what addresses were used in certain mailers. Rather than a relevance question, then, the Simpson defendants claim that Mr. Hoyal refused to answer based on an invocation of his Fifth Amendment rights against self-incrimination.

The parties each have a plethora of further complaints about each other. However, while the Court is not impressed with the behavior of both parties and their counsel, and finds the bickering in this motion and response to be unprofessional and a waste of the Court's time and resources, the Court does not find any of the conduct alleged to be so abusive as to warrant sanctions. *See Logan v. W. Coast Benson Hotel*, 981 F. Supp. 1301, 1308 (D. Or. 1997). The Court is confident that, moving forward, counsel will work cooperatively and professionally in this case despite clear animosity between their clients.

## ORDER

The motion for sanctions (#221) is denied.

It is SO ORDERED and DATED this _____ day of February, 2018.

_____
MARK D. CLARKE
United States Magistrate Judge