Tyler Jay King
tyler@lawgroupfs.com
Franklin Square Law Group
700 12th St., NW, Ste. 700
Washington, DC  20005
Telephone: (202) 436-2641
Facsimile: (202) 478-0964

(*pro hac vice*)

Kevin Bons (OSB 066963)
kbons@beckley-law.com
Beckley & Bons, P.C.
66 Club Road, Suite 360
Eugene, Oregon 97440
Telephone: (541) 683-0888
Facsimile: (541) 683-0889

Attorney for Defendants Reality Kats, LLC
And Dennis Simpson

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ADEPT MANAGEMENT, INC., et, al.<br><br>Defendants. | CIVIL ACTION NO. 1:16-CV-00720-CL<br><br>Magistrate Judge Clarke<br><br>**THE SIMPSON DEFENDANTS' REPLY TO THE FTC'S RESPONSE TO THE HOYAL DEFENDANTS' MOTION TO BIFURCATE** |

Dennis Simpson and Reality Kats, LLC, (herein referred to as the "Simpson Defendants"), by and through the undersigned counsel, submits this Reply to the FTC's Response to Jeffrey Hoyal, Lori Hoyal, and Hoyal & Associates, Inc.'s (herein referred to as the "Hoyal Defendants") Motion to Bifurcate.

WHEREFORE, The Simpson Defendants respectfully request that this Court GRANT the Hoyal Defendants' Motion to Bifurcate, and grant such other and further relief as this Court deems appropriate.

DATED:  February 7, 2018

Respectfully Submitted,

/s/ _____

Tyler Jay King, Esq.
Franklin Square Law Group
700 12th Street, NW, Ste. 700
Washington, DC  20005
(202) 656-9299
tyler@lawgroupfs.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 7, 2018, a copy of the foregoing was served electronically in compliance with this Court's electronic filing system to the pertinent parties of record in this matter:

By ECF on each of the following:

Laura M. Solis
lsolis@ftc.gov
Richard McKewen
rmckewen@ftc.gov
Connor Shively
cshively@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174

David B. Paradis
dparadis@brophylegal.com
Brophy Schmor LLP
201 W. Main Street, 5th Floor
Medford, OR 97501

Kevin W. Bons

James E. Magleby
magleby@mcgiplaw.com
Eric K. Schnibbe
schnibbe@mcgiplaw.com
Adam Alba
alba@mcgiplaw.com
170 S. Main Street, Ste. 1100

kbons@beckley-law.com  
Beckley & Bons, P.C.  
66 Club Road, Suite 360  
P.O. Box 11098  
Eugene, OR 97440

Salt Lake City, UT 84101

Shannon Bacon  
sbrenee@gmail.com  
Kirchoff Law Offices  
231 NW B. Street  
Grants Pass, OR 97526

Colleen M. Kaylor  
Cmarie0322@yahoo.com  
308 Live Oak Loop  
Central Point, OR 97502

Lydia Pugsley  
Lydia@abdinc.biz  
4293 West Main St.  
Medford, OR 97501

Laura Lovrien  
ljlovrien@embarqmail.com  
7610 Torrey Pines Ter.  
Eagle Point, OR 97524

By email and mail addressed to the address provided in Document 149 to the following:

Linda Babb  
Gmamma910@gmail.com  
440 Chateau Drive  
Eagle Point, OR 97524

Noel Parducci  
lovemyfourlittleones@gmail.com  
103 Monterey Drive  
Medford, OR 97504

William Strickler  
Bilofo541@gmail.com  
2989 Thompson Creek Rd.  
Jacksonville, OR 97530

Respectfully Submitted,

/s/ _____

Tyler Jay King, Esq.

**Memorandum of Points and Authorities in Support of the Simpson Defendant's Reply to the FTC's Response to the Hoyal Defendants' Motion to Bifurcate**

Legal Standards

On a case-by-case basis, courts should examine, among other factors, whether bifurcation is needed to avoid or minimize prejudice, [and] whether it will produce economies in the trial of the matter[.].  *Lewis v. City of New York*, 689 F. Supp. 2d 417, 429, 2010 U.S. Dist. LEXIS 18738, *27.  Bifurcation may be advisable if the case contains a large number of dissimilar or complex issues, if the trial of one issue is likely to be much shorter than the others or if the determination of the issues in the first trial may eliminate the need for a second trial.  *P&G v. Nabisco Brands, Inc.*, 604 F. Supp. 1485, 1491-1492, 1985 U.S. Dist. LEXIS 21555, *19-20, 225 U.S.P.Q. (BNA) 929, 933, 2 Fed. R. Serv. 3d (Callaghan) 748.

Argument

I. Bifurcation is Necessary to Promote Judicial Economy and to Avoid Wasting Time and Resources On Unnecessary Issues.

The FTC concludes that "how Defendants' operated together in concert" demonstrates "how and why the representations made by the mailers are deceptive[.]" *FTC Response*, p. 6-7 (ECF #228).  However, the FTC fails to explain how this is possible.  And it is not surprising that an explanation is lacking, because the marketing effort of a company, like Apple Computer for example, cannot be judged on the basis of its business structure, and its myriad company ownerships, and off shore tax havens.

Indeed, the FTC opposition to bifurcation appears to belie the FTC's intent to confuse the issue of whether the mail piece is deceptive, with other issues. But let there be no confusion, if this Court determines that the mail piece is not deceptive, then it would obviate the need to examine all the "operations-related" evidence that the FTC claims it wants to bring, i.e. that, "multiple Defendants were involved in its design and development; had input into revision to the design and text; directed dissemination of the mailer to specific consumers and for specific publication; and reviewed and approved the mailer "proofs" before they were printed and distributed to consumers." *Id.*, p. 6. Moreover, this "operations-related" evidence appears to be directed to the issue of whether certain defendants can be found individually and personally liable under the FTC Act, based on intentional and/or knowing deception. But again, if the Court determines that the mail piece is not deceptive, then all of the time and effort spent on "operations-related" evidence will have been wasted. Indeed, there is nothing at all in the exhibit that the FTC attached to its opposition, which bases a deceptiveness determination on operations-related evidence. *Id.*, at Exhibit A.

The time and effort associated with the issue of individual personal liability cannot be understated, as it involves examining the decades of history that provide the context for the defendants' states of mind. For example, Mr. Simpson testified in his deposition about a 2001 lawsuit *by him against the FTC*, which dealt with whether mail pieces were deceptive. *See Exhibit A*. That case was resolved on the basis that an Oregon state proceeding would decide the lawfulness of the mail piece, and that proceeding, the Oregon state proceeding, concluded by settlement in 2004. *See Exhibit B*.

The issue of individual liability will also involve examining the issue of advice of counsel, and will involve facts associated with other third parties, such as the United States

Postal Service and "mail houses" that approved the mail pieces and believed that they were within the standards and guidelines for conducting normal direct mail operations. Case law associated with patent-infringement lawsuits supports bifurcation, as those cases involve a distinction between validity of the patent as an initial inquiry, and knowing infringement as an element of damages analysis. *See Lear Corp. v. Bertrand Faure Tech. Ctr., Inc.*, 2001 U.S. Dist. LEXIS 25479 (discussing attorney-client privilege dilemma, and circuit split, and finding bifurcation appropriate). Just as in the example of patent infringement, the issue of individual personal liability under the FTC Act can be much more complex and require much more time and effort to litigate, than the threshold question of whether there was a deceptive practice.

In addition, the issue of individual liability is related to application of the common enterprise doctrine, and the time and effort associated with the issue of common enterprise liability also cannot be understated, as it involves examining the decades long history that provides the context for understanding the relationship between the defendants and who was controlling and directing the business. Moreover, in this matter, the relationship between the Hoyal Defendants and the Simpson Defendants and David Lennon, their attorney, is highly contested, and is proving to be a case within itself, as it is in fact the subject of multiple currently pending lawsuits in other forums.

## **Conclusion**

This is clearly a case for which bifurcation is appropriate because of the nine (9) categories of evidence that the FTC claims it plans on producing, only one category deals with operations-related evidence. However, this one category represents a disproportionately larger amount of the overall litigation of this matter. And litigation of this disproportionally complex

and burdensome issue may be eliminated altogether by bifurcating it to a later phase of the litigation, to be completed only if necessary.

DATED: February 7, 2018

                                              Respectfully Submitted,

                                              /s/
                                              _____
                                              Tyler Jay King, Esq.
                                              Franklin Square Law Group
                                              700 12th St., NW, Ste. 700
                                              Washington, DC  20005
                                              (202) 436-2641
                                              tyler@lawgroupfs.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 7, 2018, a copy of the foregoing was caused to be served to the pertinent parties of record in this matter, as follows:

By ECF on each of the following:

Laura M. Solis
lsolis@ftc.gov
Richard McKewen
rmckewen@ftc.gov
Connor Shively
cshively@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174

David B. Paradis                               James E. Magleby
dparadis@brophylegal.com             magleby@mcgiplaw.com
Brophy Schmor LLP                       Eric K. Schnibbe
201 W. Main Street, 5th Floor            schnibbe@mcgiplaw.com
Medford, OR 97501                       Adam Alba
                                                   alba@mcgiplaw.com
Kevin W. Bons                                  170 S. Main Street, Ste. 1100
kbons@beckley-law.com                  Salt Lake City, UT 84101
Beckley & Bons, P.C.

66 Club Road, Suite 360
P.O. Box 11098
Eugene, OR 97440

Shannon Bacon
sbrenee@gmail.com
Kirchoff Law Offices
231 NW B. Street
Grants Pass, OR 97526

Colleen M. Kaylor
Cmarie0322@yahoo.com
308 Live Oak Loop
Central Point, OR 97502

Lydia Pugsley
Lydia@abdinc.biz
4293 West Main St.
Medford, OR 97501

Laura Lovrien
ljlovrien@embarqmail.com
7610 Torrey Pines Ter.
Eagle Point, OR 97524

By email and mail addressed to the address provided in Document 149 to the following:

Linda Babb
Gmamma910@gmail.com
440 Chateau Drive
Eagle Point, OR 97524

Noel Parducci
lovemyfourlittleones@gmail.com
103 Monterey Drive
Medford, OR 97504

William Strickler
Bilofo541@gmail.com
2989 Thompson Creek Rd.
Jacksonville, OR 97530

Respectfully Submitted,

/s/

_____
Tyler Jay King, Esq.