IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

ADEPT MANAGEMENT INC., et al,

Defendants.

Civ. No. 1:16-cv-00720-CL

**OPINION AND ORDER**

---

CLARKE, Magistrate Judge.

This case comes before the Court on a motion (#226) by the Hoyal defendants to bifurcate the issues in this case for trial. The Hoyal defendants assert that the preliminary issue that should be bifurcated and addressed first is "whether or not the mailers used to solicit newspaper subscriptions were deceptive."

## DISCUSSION

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues. claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "In determining whether to bifurcate, courts consider a number of

factors, including whether bifurcation would promote efficient judicial administration, promote convenience, simplify discovery or conserve resources, reduce the risk of juror confusion, and separability of the issues." *Lam Research Corporation v. Schunk Semiconductor*, 65 F.Supp.3d 863, 865 (N.D. Cal. 2014).

The Hoyal defendants move to bifurcate the case so that the alleged deceptiveness of the subject mailers is adjudicated first. Many of the cases cited by the defendants in support of their motion indicate that bifurcating liability from remedy issues can be cost and time efficient, and certainly this Court has seen instances where this is the case. The Hoyal defendants do not propose to bifurcate all questions of liability, however. Instead, they propose to limit the first phase of the Court's determination to whether or not the mailers used were "deceptive." The defendants claim that this is a narrow, discrete, and simple issue, which can be adjudicated quickly and may be dispositive of the case. The Court disagrees.

First, it is undisputed that the FTC's case will rest on the allegation that the defendants engaged in "unfair or deceptive acts or practices in or affecting commerce." *See* 15 U.S.C. § 45(a)(1). "An act or practice is deceptive if 'first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material.'" *F.T.C. v. Gill*, 265 F.3d 944, 950 (9th Cir.2001) (citing *F.T.C. v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir.1994)). Actual deception is not required for a Section 5 violation. *Trans World Accounts, Inc. v. F.T.C.*, 594 F.2d 212, 214 (9th Cir.1979). Rather, Section 5 "only requires a showing that misrepresentations 'possess a tendency to deceive.'" *F.T.C. v. Commerce Planet, Inc.*, 878 F.Supp.2d 1048, 1073 (C.D.Cal.2012) (quoting *Trans World Accounts, Inc.*, 594 F.2d at 214). Furthermore, the Court considers "the overall, common sense 'net impression' of the representation or act as a whole to

determine whether it is misleading," and a Section 5 violation may still be found even if the fine

print and legalese were technically accurate and complete. *Commerce Planet*, 878 F.Supp.2d at

1063 (citing *Gill*, 265 F.3d at 956)); *see also F.T.C. v. Cyberspace.Com LLC*, 453 F.3d 1196,

1200 (9th Cir.2006) (stating that a representation "may be likely to mislead by virtue of the net

impression it creates even though the [representation] also contains truthful disclosures").

In this case, while the deceptiveness of the mailers is a key factor in the overall

deceptiveness of the "practice" or business at issue, such a determination does not depend solely

on the words used in each notice; the context of the mailers is just as important to liability. This

includes whether or not defendants were authorized to offer or sell the subscriptions offered,

whether or not the recipients were led to believe they owed money for existing subscriptions, and

whether or not recipients who ordered subscriptions based on the mailers ever received the

products as advertised. Such contextual considerations rely on information regarding the

functional operation of the businesses at issue, and how the defendants interacted with each other

and with the consumers – how they ran those operations – is at the heart of that question.

Indeed, unlike some of the cases cited by the defendants, here the complex questions

regarding how the defendants are related, and how they operated individually and together, are

not confined to issues of remedy, as suggested by the defendants. Instead, a significant amount

of overlap exists between the facts the FTC will have to show to prove liability and the facts it

will have to show to determine the appropriate remedy. Therefore, bifurcation would not be an

efficient use of the Court's and the parties' resources.

Second, even if bifurcation would streamline separable issues of liability and remedy for

trial, it would not simplify discovery, as claimed by the defendants. This case has already

progressed through several phases of complicated discovery for the last two years. By now, the

FTC, and, the Court presumes, all of the parties, have already completed a significant amount of the discovery necessary for issues of both liability and remedy. Thus, even if this motion were well taken, it would have been more appropriately posed at the start of this case.

Third, there is no risk of juror confusion in this case because it will be tried to the Court.

## ORDER

The motion for bifurcation (#226) is DENIED. Additionally the Court adopts, in part, the schedule proposed by the FTC, as indicated below. The parties should note two additional dates on the list. First. if the FTC wishes to conduct additional depositions in this case, they must submit such a request by February 23.

Second, please note the date for "Requests to file Summary Judgment Motions." This deadline indicates that all parties will be required to request permission from the Court prior to filing a motion for summary judgment. Such request must be filed in writing and include a brief, no longer than three (3) pages, memorandum outlining the basis for the motion requested.

The Court adopts the following case schedule:

| | |
|---|---|
| FTC Request for add'l depositions | February 23, 2018 |
| Discovery Motions due | April 2, 2018 |
| Close of Fact Discovery | May 1, 2018 |
| Initial Expert Disclosures | May 15 |
| Requests to File Summary Judgment | May 25 |
| Status Conference | June 1 |
| Expert Rebuttals | June 15 |
| Close Expert Discovery | July 16 |
| Dispositive Motions due | Aug 3 |
| Pretrial Conference | October 22 @ 10AM |
| Bench Trial | October 29, 2018 |

It is SO ORDERED and DATED this _____ day of February, 2018.

MARK D. CLARKE
United States Magistrate Judge