IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

ADEPT MANAGEMENT INC., et al,

Defendants.

Civ. No. 1:16-cv-00720-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This case comes before the Court on a motion (#251) by the plaintiff Federal Trade Commission ("FTC") for an expedited protective order to prevent defendants Hoyal & Associates, Inc., Jeffrey Hoyal, and Lori Hoyal (collectively, "Hoyal Defendants") deposition of FTC under Fed. R. Civ. P. 30(b)(6).

## BACKGROUND

A brief history of the Hoyal Defendants discovery requests and the FTC's responses and disclosures in this case is a helpful starting place in considering this motion. On March 20, 2017,

the Hoyal Defendants propounded a First Set of Discovery Requests to the FTC that included interrogatories and requests for production. Decl. FTC Counsel Krista K. Bush Supp. FTC's Mot. Protective Order ("Bush Decl."), ¶ 4, #252. It included expansive document requests, such as:

> REQUEST NO. 2: Every Document referring or relating to the Subscription Business from January 1, 2010 to the present.
> REQUEST NO. 3: Every Communication referring or relating to the Subscription Business from January 1, 2010 to the present. . . .
> REQUEST NO. 8: Every Communication between You and the publisher of any magazine or newspaper from January 1, 2010 to the present referring or relating to the Subscription Business.
> REQUEST NO. 9: Every consumer complaint referring or relating to the Subscription Business from January 1, 2010 to the present. . . .
> REQUEST NO. 11: Every Document referring or relating to any injury suffered by consumers as a result of the Defendants' alleged conduct complained of in the FTC's Complaint.
> REQUEST NO. 12: Every Document referring or relating to the amount of restitution sought by the FTC as a result of the Defendants alleged conduct complained of in the FTC's Complaint.

Bush Decl., Attach. 2, 7-8. The First Set of Discovery Requests to the FTC also included interrogatories generally requesting the FTC to identify every consumer who was allegedly injured; every person, publisher, or consumer who had communicated with the FTC regarding the defendants' business or the defendants' alleged conduct; and, the amount and methods for computation of the restitution sought by the FTC. Bush Decl. Attach. 2, 8-9.

On April 28, 2017, the Hoyal Defendants sent a Second Set of Discovery Requests to the FTC, which also included both interrogatories and a request for document production. Bush Decl., Attach. 3, 10. The document request asked for "[e]very document used, referenced, or relied upon by you to respond to any of the Hoyal Defendants' Interrogatories." Bush Decl., Attach. 3, 7. The interrogatories requested the FTC to provide factual bases for various allegations against the Hoyal Defendants contained in the complaint, as well as to "identify any

misrepresentations or deceptive omissions of material fact made by any of the Hoyal Defendants that [the FTC] allege[s] are the subject of this case." *See* Bush Decl. Attach. 3, 7-9.

On December 2, 2016, the FTC provided the Hoyal Defendants with the FTC's Initial Disclosures. Decl. FTC Counsel Krista K. Bush Supp. FTC's Resp. Opp'n Hoyal Defs.' Mot. Compel ("Second Bush Decl."), ¶ 1, #259. On January 29, 2018, the FTC provided Amended Initial Disclosures. Second Bush Decl., ¶ 2. On April 20, 2017, the FTC provided written responses to the Hoyal Defendants' First Set of Discovery Requests. Second Bush Decl., ¶ 6. On June 29, 2017, the FTC provided written responses to the Hoyal Defendants' Second Set of Discovery Requests. Second Bush Decl., ¶ 7. The FTC has also indicated that it will amend responses to the interrogatories in both the First and Second Set of Discovery Requests before the close of fact discovery on May 1, 2018. Second Bush Decl., ¶¶ 7-8. "The FTC began producing documents in response to the Hoyal Defendants' discovery requests on April 21, 2017, and has continued producing documents through March 23, 2018." Second Bush Decl., ¶ 8. These documents include "declarations from consumers, publishers, and former employees of Defendants." Second Bush Decl., ¶ 9.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case." The right to discovery is not unlimited however, and Rule 26(c)(1) authorizes the Court to limit discovery upon motion by a party with "good cause" shown to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Additionally, Rule 26(b)(2)(C) requires the Court to "limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Rule 45(d)(3) authorizes the Court to quash a subpoena under specified circumstances, including when the subpoena requires disclosure of privileged or protected materials, when an exception or waiver does not apply, or when the subpoena subjects a person to undue burden. *See also Tran v. Wells Fargo Bank, N.A.*, 2017 WL 1234131, at *2 (D. Or. Jan. 20, 2017).

On March 30, 2018, the Hoyal Defendants sent a proposed "Notice Rule 30(b)(6) Deposition of Federal Trade Commission" ("Proposed Notice") to all parties and counsel in this case. *See* Bush Decl., ¶ 1; Bush Decl., Attach. 1, 1-4. The FTC argues that the topics included in the Proposed Notice broadly seek all evidence in the FTC's possession about every issue in the litigation: the topics are not stated with reasonable particularity as is required under Rule 30(b)(6), and that to allow deposition on these topics would be cumulative, duplicative, and unduly burdensome. The Court agrees with the FTC that allowing deposition on the topics in the Proposed Notice would be cumulative, duplicative, and unduly burdensome.

The FTC has previously provided discovery responses and documents about the same topics contained in the Proposed Notice. *See* Second Bush Decl.¶¶ 8-11; *compare* Bush Decl. ¶ 4 and Bush Decl., Attach. 1, 9-13. Specifically, the Proposed Notice seeks information like, "[a]ll communications between the FTC and any newspaper publisher referring or relating to any of the Defendants." Bush Decl., Attach. 1, 13. This is duplicative of Request No. 3 in the Hoyal Defendants First Set of Discovery Requests, which asked for "[e]very Communication referring or relating to the Subscription Business from January 1, 2010 to the present," and Interrogatory

No. 2, which asked the FTC to "[i]dentify every newspaper or magazine publisher who has communicated with the FTC concerning the Subscription Business or the Defendants' alleged conduct complained of in the FTC's Complaint." Even more specific topics in the Proposed Notice are duplicative, such as topic 4, which asks for "all facts and evidence, including documents, that relate to the allegation that there existed a 'common enterprise' by, between, or among the Defendants. Bush Decl. Attach. 1, 10. Compare that with Interrogatory No. 8 from the Hoyal Defendants Second Set of Discovery Requests, which asked the FTC to "[s]tate the factual basis for your allegation in Paragraph 43 of the Complaint the H&A has operated as a common enterprise with [other corporate Defendants]." Bush Decl., Attach 3, 8. The discovery sought in the Proposed Notice is unreasonably cumulative and duplicative.

Even if the topics in the Proposed Notice were not unreasonably cumulative and duplicative, the breadth and depth of information sought in the Proposed Notice creates an unreasonable and undue burden. The first topic in the Proposed Notice seeks "[a]ll facts and evidence, including documents, which support the contentions of the FTC in the Complaint." Bush Decl., Attach. 1, 9. In their response to the motion, the Hoyal Defendants concede that this topic is "admittedly broad," but argues that topics 2-16 are more particular. While topics 2-16 are certainly more particular than topic 1, they are still broad and, taken together, function to seek "all facts and evidence, including documents" for practically every issue involved in this litigation. Expecting a witness to be able to answer competently and completely on these topics, with the combination of the breadth and depth sought in the Proposed Notice, is unreasonable and improper for a deposition pursuant to Rule 30(b)(6). *See TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, *1 (N.D. Cal. 2012) (seeking witness regarding all facts and contentions for each affirmative defense and counterclaim is too vague and broad); *McCormick-*

*Morgan, Inc. v. Teldyne Indus., Inc.*, 134 F.R.D. 275, 286-288 (N.D. Cal. 1991), *overruled on other grounds,* 765 F. Supp. 611 (N.D. Cal. 1991) (finding a Rule 30(b)(6) deposition an inappropriate means of discovery where "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a party . . ."). Here, the topics in the Proposed Notice seek a breadth and depth of information that is unduly burdensome for a Rule 30(b)(6) deposition.

## ORDER

Based on the foregoing, the Court grants the FTC's motion for a protective order precluding the Hoyal Defendants FRCP 30(b)(6) noticed deposition.

IT IS SO ORDERED and DATED this __19__ day of April, 2018.

MARK D. CLARKE
United States Magistrate Judge