IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Civ. No. 1:16-cv-00720-CL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| ADEPT MANAGEMENT INC., et al, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This case comes before the Court on a motion (#291) by Defendants Dennis Simpson and Reality Kats, LLC ("Simpson Defendants"), to compel the resumption of the depositions of third-party witness David Lennon and Defendant Jeffrey Hoyal, and for an order compelling them to answer questions for which they previously invoked privileges. For the reasons discussed below, the motion to compel is denied.

/ / /

/ / /

## LEGAL STANDARD

The attorney client privilege protects confidential communications between attorneys and clients that are made for the primary purpose of giving or receiving legal advice, unless the protection is waived. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The party "asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication." *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997) (citation omitted). It is beyond dispute that the attorney-client privilege may apply when the client is a corporation, organization, or entity rather than a natural person. *See Upjohn Co. v. United States*, 449 U.S. 383, 389–90 (1981). Once the attorney-client privilege has been invoked, a party challenging the privilege must show by that it has been abused. *Clark v. U.S.*, 289 U.S. 1, 15 (1933).

The moving defendants are attempting to invoke the crime-fraud exception to the attorney client privilege. In the Ninth Circuit, "[a] party seeking to vitiate the attorney-client privilege under the crime-fraud exception must satisfy a two-part test." *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007), *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009). "First, the party must show that 'the client was engaged in or planning a criminal or fraudulent scheme when it sought the advice of counsel to further the scheme.'" *Id.* (quoting *In re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996). "Second, it must demonstrate that the attorney-client communications for which production is sought are 'sufficiently related to' and were made '*in furtherance of* [the] intended, or present, continuing illegality.'" *Id.* (alterations in original) (quoting *In re Grand Jury Proceedings*, 87 F.3d at 381). The burden of proof is preponderance of the evidence. *Id.* at 1095-96.

The Fifth Amendment provides that "[n]o person shall be . . . compelled in any criminal case to be a witness against himself." That privilege protects a person from being compelled to testify in any proceeding-including civil proceedings-when the answers may incriminate the person in a future criminal prosecution. *See, e.g., Maness v. Meyers,* 419 U.S. 449, 464 (1975) (reaffirming the principle, in the context of a civil case, that "the privilege against self-incrimination can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory" (internal quotation marks omitted)). The privilege pertains not only to inquiries that would be directly incriminating, but also "embraces those which would furnish a link in the chain of evidence" needed to prosecute a crime. *Hoffman v. United States,* 341 U.S. 479, 486 (1951).

## DISCUSSION

The Court first notes that there are a number of procedural problems with this motion that would support denying the motion without consideration of its merits, including violating LR 26-3(b), which provides a 10-page limit for discovery motions. *See* Third-Party Witness Lennon's Opp'n Mot. Compel ("Lennon Resp.") (#295), 2-6. Although the court allowed this motion to be filed, the timing of it is also suspect given the Hoyal deposition was taken on October 31, 2017, and the Lennon deposition was taken on April 24, 2018, at which time the court agreed to be available by telephone to resolve expected claims of privilege. Notwithstanding the procedural problems, and timing concerns, the Simpson Defendants nevertheless fail to meet their burden to establish that Mr. Lennon abused the attorney-client privilege by invoking it during his deposition. Simpson Defendants also fail to show why Mr. Hoyal's invocation of his Fifth Amendment privilege against self-incrimination in response to certain deposition questions was improper.

Simpson Defendants challenge Mr. Lennon's invocation of attorney-client privilege during his deposition. Given that it appears that Mr. Lennon had a number of different roles in defendants operations, it is certainly appropriate to view any claim of attorney-client privilege by Mr. Lennon with a critical eye. Mr. Lennon however is also a member of the bar and is entitled, if not required, to invoke the attorney client privilege where in his professional judgement it should be invoked. It is not entirely clear to the Court under what grounds Simpson Defendants challenge the privilege. Simpson Defendants include several questions and answers from Lennon's deposition transcript, but they fail to articulate why they believe the attorney-client privilege is improperly invoked in those instances. *See* Mot. Compel at 21-22. It is clear however, that Simpson Defendants believe that the crime-fraud exception should apply to some extent. It is still unclear though which questions, documents, or communications Simpson Defendants believe fall under this exception to attorney-client privilege. *See* Mot. Compel.

The Court is not, in any event, persuaded that the Simpson Defendants have established a prima facie showing that the crime-fraud exception should apply in this case. Simpson Defendants provide two arguments for application of the crime-fraud exception. They first argue broadly that Mr. Hoyal and Mr. Lennon have conspired to "scapegoat" Mr. Simpson in this case. Mot. Compel at 8, 16, 27. Simpson Defendants however, provide at this time, no more than conclusory allegations on this point, and fail to meet their burden in establishing that the crime-fraud exception should apply. Second, they argue that Mr. Hoyal and Mr. Lennon worked together to forge a Unit Purchase Agreement for the Scenic Trust and falsified the Novato Development Operating Agreement. Mot. Compel at 10-11, 15-16, 18, 28. Simpson Defendants though, fail to establish how these transactions are relevant to this action. Furthermore, Mr. Lennon provides evidence in his response to this motion that refutes these allegations. *See*

Lennon Resp. Exs. D, E. Ultimately, Simpson Defendants simply fail to carry their burden to show an abuse of the attorney client privilege. It is far from clear to this court if these "border skirmishes" between Simpson, Hoyal, and Lennon, which have been raised in other litigation, will even be a part of the trial of this case. The Simpson defendants previously attempted to inject them into the deposition of the Hoyal, which the court rejected.

The Simpson Defendants also fail to show why Mr. Hoyal's invocation of his right against self-incrimination during his deposition was improper. Simpson Defendants argue that "Mr. Hoyal refused to answer a multitude of questions, and ambiguously and vaguely assert[ed] a right not to incriminate himself, making it unclear exactly what the scope of the privilege was." Mot. Compel at 16. Simpson Defendants provide their own answer however, mentioning that it was likely because of the pending grand jury proceeding on tax issues, Mot. Compel at 11, in which some "defendants had received subpoenas that described Mr. Hoyal (as well as Mr. Simpson and other defendants) as a potential subject matter on which the Assistant U.S. Attorney would ask questions." Hoyal Defs.' Resp. (#294) at 7. This of course is potentially a very serious matter that could possibly expose Mr. Hoyal to criminal liability. Additionally, the Court previously stated "each individual defendant is entitled to exercise the [Fifth Amendment] privilege whenever a response 'might lead to incriminating evidence[.]'" including in response to deposition questions. Order (#124), 6 (citation omitted). Accordingly, the Simpson Defendants have failed to persuade the Court they are entitled to an order forcing Mr. Hoyal to waive his Fifth Amendment privilege.

The court believes all parties and the court are best served by focusing on resolving the merits of this case by summary judgment or trial.

/ / /

## ORDER

For the reasons above, the motion to compel Jeffrey Hoyal and David Lennon to answer deposition questions (#291) is denied.

It is so ORDERED and DATED this 3 day of July, 2018.

MARK D. CLARKE
United States Magistrate Judge