James E. Magleby (USB 7247)
 (*pro hac vice*)
 magleby@mcgiplaw.com
Eric K. Schnibbe (USB 8463)
 (*pro hac vice*)
 schnibbe@mcgiplaw.com
Adam Alba (USB 13128)
 (*pro hac vice*)
 alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD, PC**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101
Telephone: (801) 359 9000
Facsimile: (801) 359 9011

David B. Paradis (853016)
 dparadis@brophylegal.com
**BROPHY SCHMOR, LLP**
201 West Main Street, 5th Floor
P.O. Box 128
Medford, Oregon 97501
Telephone: 541 772 7123
Facsimile: 541 772 7249

Attorneys for Defendants Hoyal & Associates,
 Jeffery Hoyal and Lori Hoyal

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON, MEDFORD DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>     Plaintiff,<br><br>v.<br><br>**ADEPT MANAGEMENT, INC.,** et al.<br><br>     Defendants. | Case No.:  1:16-cv-00720-CL<br><br><br>**HOYAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF CLAIMS AGAINST LORI HOYAL** |

HOYAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF
CLAIMS AGAINST LORI HOYAL -- 1

**MOTION**

Pursuant to Federal Rule of Civil Procedure 56, Defendants Hoyal & Associates, Inc. ("H&A"), Jeffrey Hoyal ("Jeff"), and Lori Hoyal ("Lori") (collectively, the "Hoyal Defendants"), through their counsel of record, respectfully move the Court to enter partial summary judgment in favor of Lori and dismissing the Plaintiff Federal Trade Commission's ("FTC") claim against her.  The Court has already ordered that the Hoyal Defendants have leave to file this Motion.  [*See* 5-24-18 Hoyal Defendant's Request for Leave to File Motion for Partial Summary Judgment Regarding Lori Hoyal (Doc. 274); 6-6-18 Minutes of Proceedings (Doc. 289) ("The Court grants request of all parties to file Motions for Summary Judgment.")].  Consequently, the Hoyal Defendants understand that the Local Rule ("LR") 7-1(a) certification requirements do not apply.

This Motion is made on the grounds that there is no genuine issue of material fact, and Lori is entitled to judgment as a matter of law that Lori is not liable to the FTC for the alleged violations of the FTC Act.

**SUPPORTING MEMORANDUM**

**INTRODUCTION**

The Court should grant summary judgment in favor of Lori Hoyal and against the FTC on the FTC's single count, alleging a violation of the FTC Act resulting from the mailers and a subscription business carried on by other defendants in this case.  It is undisputed that, except with regard to H&A, Lori has not been involved with the defendant corporate entities at any time at issue in the FTC's Complaint – from January 1, 2010 and later – and has not been involved with the mailers or the subscription business at issue.  With regard to H&A during the relevant time period, Lori was merely the bookkeeper, had no power to control H&A's operations, and worked under the

direction of Jeff. Lori simply provided clerical-type services to the business run by her husband. Accordingly, there is no basis for Lori's personal liability in this case and the Court should enter summary judgment in Lori's favor.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56, Federal Rules of Civil Procedure, and Local Rule 56-1(a), the following numbered material facts are not genuinely disputed and warrant the grant of summary judgment in favor of Lori as to the FTC's single count.

### The FTC's Claim

1. On April 27, 2016, the FTC filed this case, asserting a single count, alleging that, "[s]ince at least 2010" [Compl. ¶ 45 (Doc. 1 at 17)], the Corporate Defendants (as defined the Complaint)[1] have made representations that are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). [Compl. ¶¶ 43, 63 (Doc. 1 at 16-17, 23)]. The FTC's count is based upon the use of Defendants' mailed solicitations (i.e., the "Mailers") relative to newspaper publications only. [Compl. ¶¶ 45, 46 & Ex. A, 61].

2. The subscription business at issue in this case ("Oregon Subscription Business" or "OSB") operated for years and solicited subscriptions to magazines in addition to newspapers. The FTC does not allege that the OSB was *per se* illegitimate or engaged in deceptive trade practices. [Compl. ¶ 45 (Doc. 1 at 17)],

---

[1] The Corporate Defendants are Defendants Adept, Anchor, Associated, Atlas, Clarity Group, CPE, Crown, CAS, Express, HCG Inc., HCG LLC, H&A, Liberty, MCE, Magazine Link, Maximillian, North West Data, PPP Magazines, Publishers Payment NY, Publishers Payment OR, Reality Kats, Specialties, Subscription House, United, Wineoceros, and associated dbas, all as defined in the Complaint. [Compl. ¶ 43 (Doc. 1 at 16)].

3.      The Individual Defendants (as defined in the Complaint) include Lori.  The FTC has named Lori a defendant as part of its theory that the OSB was carried on by various entities that form a "common enterprise," and that the Individual Defendants (including Lori) "have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise."  [Compl. ¶ 43 (Doc. 1 at 16-17)].

4.      Other than the generic reference to a "common enterprise," the FTC has not alleged any specific conduct by Lori.  [*See* Compl.].

### Lori's Only Role Has Been Clerical Support to H&A

5.      From 2010 to the present, Lori has not been involved with the OSB and has had no involvement with the mailers that are the basis for the FTC's claim. [Declaration of Lori Hoyal ("Lori Decl.")[2] ¶ 3].

6.      Since 2010, Lori has had no ownership interest or ability to control any of the non-H&A Corporate Defendants.  [Lori Decl. ¶ 3]; [11-1-17 Deposition of Lori Hoyal ("Lori Dep.") at 18:24-23:12 (questions regarding other corporate interests, including Certified List Management, which never transacted any business of any kind), excerpts submitted as Exhibit A; *id.* at 35:17-25].[3]

7.      For example, more than a decade ago, and prior to 2007, Lori was President of Mail Industries, Inc., which had previously been involved in the subscription

---

[2] The Declaration of Lori Hoyal in Support of Motion for Summary Judgment Dismissal of Claims Against Lori Hoyal is filed separately herewith pursuant to LR 10-3.

[3] Cited evidentiary materials are submitted as exhibits to the Declaration of Eric K. Schnibbe in Support of Motion for Summary Judgment Dismissal of Claims Against Lori Hoyal, filed separately herewith pursuant to LR 10-3.

business. However, Mail Industries, Inc. was administratively dissolved in 2007 and stopped operating around that time. [Lori Dep. at 24:9-25:23]; [Depo. Exhibit 376, submitted as Exhibit B]; Lori Decl. ¶ 4].

8. Since 2010, Lori's work for H&A has been that of a bookkeeper. Lori has not been a controlling shareholder, owning only a 50% interest. [Lori Decl. ¶ 5].

9. Further, Jeff has been the president of H&A, and Lori has been merely engaged in ministerial tasks of conducting H&A's bookkeeping and sending invoices for Jeff's consulting work. [Lori Dep. at 18:9-23, 83:25-84:22]; [Lori Decl. ¶ 6].

10. Lori did not direct H&A's operations, but rather took her direction from Jeff and no other person. [Lori Dep. at 87:6-88:4]. Indeed, Lori was largely unaware of what Jeff's work of consulting through H&A entailed, since "Jeff was the consultant. I was the bookkeeper." [Lori Dep. at 90:9-91:4].

11. As part of Lori's duties at H&A after 2010, she occasionally interacted with Noel Parducci, who was the bookkeeper for Maximillian, Inc. However, these tasks were ministerial duties and part of Lori's role of bookkeeping and sending invoices under Jeff's direction. This is exemplified by the email exchanges about which Lori was questioned during her deposition. [Lori Decl. ¶ 7].

12. For example, Lori was asked about Deposition Exhibit 380, wherein Lori stated, "Jeff said I'm supposed to be invoicing Max for $250k." [Dep. Ex. 380, submitted as Exhibit C]. Lori was questioned, and testified, about this email as follows:

> Q. And how did that practice work? How would you normally go about invoicing Maximillian?
>
> A. Jeff usually was the one to tell me what to invoice, and it was -- a number of times it was backed up from email from Noel.
>
> Q. Okay. And so when you say "I haven't seen a request for the invoice yet," is that -- are you saying you haven't gotten an email from

> Ms. Parducci about the invoice yet? Is that what you're talking about, or something else?
>
> A.  I -- that's what it appears to be.
>
> Q.  Then your message goes on: "Also following up on my A/R" -- is that accounts receivable?
>
> A.  Yes.
>
> Q.  "I'm showing Max still owes H&A 86K (11K and 25K). Is that what you are showing? When can we expect that? Lori."
>
> What communications did you have with Ms. Parducci about accounts receivable?
>
> A.  Obviously this communication was about accounts receivable.
>
> Q.  Yes.
>
> A.  And I would have asked her -- I would have asked her -- obviously here I asked her what was on my accounts receivable which -- and asking her basically if her payable -- accounts payable was matching mine.
>
> Q.  I see.
>
> A.  And then when we could expect the other 36,000.

[Lori Dep. at 96:18-97:23]

13. Lori was similarly questioned about Deposition Exhibit 381, a 2014 email pertaining to an invoice [Lori Dep at 102:1-103:25]; [Dep. Exhibit 381, submitted as Exhibit D]; and Deposition Exhibit 381, a 2011 Email about which Lori testified, "I think I testified that Jeff would direct me what to invoice, and it was usually backed up with an email from Noel" [Lori Dep. at 104:13-105:3]. When questioned about checks she signed on behalf of H&A, Lori uniformly testified these were issued at Jeff's direction. [*See, e.g.*, Lori Dep. at 114:2-20]; [Dep. Exhibit 345, submitted as Exhibit E]; [Lori Dep. at 115:7-12]; [Dep. Exhibit 346, submitted as Exhibit F].

14. Since well before 2010, Lori has not made any decisions or been involved in the activities of the corporate defendants, except for H&A as described. For example,

since 2010, Lori was not an owner or operator of any of the other business entities; Lori did not mail any periodical solicitations to consumer; Lori did not interact with clearing houses or publishers; Lori did not create, revise or otherwise have control over the form of the Mailer used by the OSB; and Lori never had access to or control over the files of consumers that would receive solicitations, and she never determined which consumers would receive a Mailer or the terms of the offers on the Mailer.  [*See* Lori Decl. ¶ 8].

## ARGUMENT

**I.     STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Libby v. City of Medford*, No. 1:15-CV-00298-CL, 2017 WL 2219995, at *4 (D. Or. Mar. 17, 2017), *report and recommendation adopted*, No. 1:15-CV-00298-CL, 2017 WL 2219980 (D. Or. May 19, 2017)

The moving party has the initial burden to show no genuine issue of material fact exists.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc); *Libby*, 2017 WL 2219995 at *4.  Though the moving party "bears the initial burden of establishing the absence of a genuine issue of material fact . . . [,] if the nonmoving party bears the burden of proof on an issue at trial, the moving party need not produce affirmative evidence of an absence of fact to satisfy its burden."  *In re Brazier Forest Prod., Inc.*, 921 F.2d 221, 223 (9th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).  An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson,* 477 U.S. at 248; *Libby,* 2017 WL 2219995 at *4.

When properly supported, the burden on the motion shifts to the opposing party to set forth specific facts showing a genuine issue for trial.  *Anderson,* 477 U.S. at 250; *Libby,* 2017 WL 2219995 at *4.  Conclusory allegations without factual support are insufficient to defeat a motion for summary judgment.  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); *Libby,* 2017 WL 2219995 at *4.  Instead, the opposing party must provide specific facts in compliance with Rule 56, which show there is a genuine issue for trial.  *Devereaux,* 263 F.3d at 1076; *Libby,* 2017 WL 2219995 at *4.  The Court will view the evidence in the light most favorable to the non-moving party.  *Allen v. City of Los Angeles,* 66 F.3d 1052, 1056 (9th Cir. 1995); *Libby,* 2017 WL 2219995 at *4.

## II. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF LORI ON THE FTC'S CLAIM BECAUSE THE FTC CANNOT MEET ITS BURDEN TO PROVE LORI PARTICIPATED IN OR CONTROLLED THE SOLICITATIONS

The Court should grant summary judgment as to Lori because the undisputed facts establish Lori did not directly participate in or control the conduct which allegedly violates the FTC Act during the time relevant to the FTC's Complaint.

The FTC asserts a single count, alleging that, "[s]ince at least 2010" [Compl. ¶ 45], the defendants have made representations that are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).  [Compl. ¶ 63].  The FTC's count is based upon the use of mailed solicitations ("Mailers") relative to newspapers by the OSB.  [Compl. ¶¶ 45, 46 & Ex. A, 61].

To establish Lori's individual liability, the FTC must prove that Lori "'(1) *participated directly* in, or *had the authority to control*, the *unlawful acts or practices at issue*; and (2) had actual knowledge of the misrepresentations involved, was recklessly

indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth.'" *F.T.C. v. AMG Servs., Inc.*, No. 212CV00536GMNVCF, 2017 WL 1704411, at *6 (D. Nev. May 1, 2017) (emphasis added) (quoting *F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016)).[4]

Partial ownership or being an officer of a defendant business entity is not sufficient to create individual liability for the business entity's conduct allegedly violative of the FTC Act. See *Coro, Inc. v. F.T.C.*, 338 F.2d 149, 154 (1st Cir. 1964); *cf. ADT LLC v. Sec. Networks, LLC*, No. 12-81120-CIV, 2017 WL 2113410, at *2 (S.D. Fla. Mar. 16, 2017) (emphasis in original) (rejecting magistrate finding of individual liability, among other things, through application of case law under the FTC Act when individual was President of the business, with a 14% ownership interest who had general oversight over seven or eight regional sales managers). Rather, despite such positions, when the individual defendant was unaware of the violative conduct or of the entities' participation in those practices, and when there is no showing the individual's "active or even actual personal participation in the unlawful practices under his overall management in control," there is an insufficient basis to impose personal liability. *Coro, Inc.*, 338 F.2d at 154.

On the undisputed facts of this case, the FTC cannot establish Lori's individual liability for violations of the FTC Act based upon the subscription mailers. During the

---

[4] The instant motion focuses upon the first element. The second element pertaining to the required knowledge to impose individual liability also cannot be met in this case, for the reasons described in the Hoyal Defendants' Motion for Summary Judgment, incorporated herein by reference.

time relevant to the Complaint, Lori has had no involvement, let alone direct or controlling involvement, with the OSB or with the mailers that are the basis for the FTC's claim. [Statement of Undisputed Facts ("SOF") ¶¶ 6, 14]. Lori has had no ownership interest or ability to control any of the non-H&A Corporate Defendants. [SOF ¶ 6]. Rather, Lori's former involvement was relative to Mail Industries, Inc., but Mail Industries, Inc. is not even a defendant in this case, was administratively dissolved in 2007, and stopped operating in the same time frame. [SOF ¶ 7].

Since 2010, Lori's conduct has been limited exclusively to H&A, and even then, Lori did not have direct involvement with H&A's consulting or the ability to control H&A. Lori was largely unaware of what Jeff's work of consulting through H&A entailed, since "Jeff was the consultant. I was the bookkeeper." [Lori Dep. at 90:9-91:4]; [SOF ¶ 10]. Lori did not own a majority interest in H&A and Jeff – not Lori – was the President of H&A. [SOF ¶¶ 8-9]. Lori's duties with H&A were limited to ministerial bookkeeping functions, such as sending emails relative to invoices or signing checks, that were all carried out under the direction of Jeff. [SOF ¶ 11].

## CONCLUSION

Based upon the foregoing, because it is undisputed that, since 2010, Lori neither (1) participated directly in unlawful acts or practices at issue, nor (2) had the authority to control, the unlawful acts or practices at issue, the FTC cannot establish Lori's individual liability in this case. Consequently, the Court should enter partial summary judgment in favor of Lori on the FTC's claim.

DATED this 17th day of August 2018.

**MAGLEBY CATAXINOS & GREENWOOD, PC**

_____
James E Magleby
Eric K Schnibbe
Adam Alba

**BROPHY SCHMOR LLP**
David B. Paradis

*Attorneys for Hoyal & Associates, Jeffery Hoyal, and Lori Hoyal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS & GREENWOOD, PC, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **HOYAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL OF CLAIMS AGAINST LORI HOYAL** was delivered to the following this 17th day of August 2018, by submission to the CM/ECF System and electronic mail:

Krista K. Bush
  kbush@ftc.gov
Laura M. Solis
  lsolis@ftc.gov
Richard McKewen
  rmckewen@ftc.gov
Connor Shively
  cshively@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174

*Attorneys for Plaintiff*
*Federal Trade Commission*

Lydia Pugsley
  lydia@abdinc.biz
3339 E. Tanglewood Dr.
Phoenix, AZ  85048

Linda Babb
  Gmamma910@gmail.com
440 Chateau Dr.
Eagle Point, OR 97524

Noel Parducci
  lovemyfourlittleones@gmail.com
103 Monterey Drive
Medford, OR 97504

William Strickler
  bilofo541@gmail.com
2989 Thompson Creek Rd
Jacksonville, OR 97530

Ryan M. Bledsoe
  ryan.bledsoe@tonkon.com
Jeffrey G. Bradford
  jeff.bradford@tonkon.com
TONKON TORP, LLP
888 SW Fifth Avenue, Suite 1600
Portland, Oregon 97204

*Attorneys for Defendants*
*Reality Kats, LLC and Dennis Simpson*

Shannon Bacon
  sbrenee@gmail.com

Colleen Kaylor
  cmarie0322@yahoo.com

Laura Lovrien
  ljlovrien@embarqmail.com
7610 Torrey Pines Ter.
Eagle Point, OR 97524

　　　　　　　　　　　　　　　　_/s/ H. Evan Gibson_____