IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**ADEPT MANAGEMENT INC., et al,**

Defendants.

Civ. No. 1:16-cv-00720-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This case comes before the Court on the Hoyal defendants' motion in limine to exclude the FTC's evidence as to monetary relief. For the reasons below, the motion (#522) is DENIED.

The FTC Act is designed to protect consumers from economic injuries. *F.T.C. v. Stefanchik*, 559 F.3d 924, 930 (9th Cir. 2009). To effect that purpose, courts may award restitution to redress consumer injury.[1] *F.T.C. v. Gill*, 265 F.3d 944, 958 (9th Cir. 2001) ("We have held that restitution is a form of ancillary relief available to the court in these circumstances to effect complete justice."). Restitution may be measured by the "the full amount lost by consumers rather than limiting damages to a defendant's profits." *Stefanchik*, 559 F.3d at 931 (affirming restitution of over $17 million for the full amount of consumer loss); *see also FTC v.*

---

[1] Section 13(b) permits a panoply of equitable remedies, including monetary equitable relief in the form of restitution and disgorgement, as well as miscellaneous reliefs such as asset freezing, accounting, and discovery to aid in providing redress to injured consumers. *Pantron I Corp.*, 33 F.3d at 1103 n. 34 (9th Cir. 1994); *F.T.C. v. Figgie Int'l, Inc.*, 994 F.2d 595, 606–08 (9th Cir. 1993); *H.N. Singer*, 668 F.2d at 1113.

Page – 1 – ORDER

*Febre*, 128 F.3d 530, 536 (7th Cir. 1997) (affirming restitution for more than $16 million against company and officer as consumer loss under section 13(b)). Consumer loss is calculated by "the amount of money paid by the consumers, less any refunds made." *FTC v. Direct Mktg. Concepts, Inc.*, 648 F. Supp. 2d 202, 213–14 (D. Mass. 2009), aff'd, 624 F.3d 1 (1st Cir. 2010); *see also Stefanchik*, 559 F.3d at 931; *Gill*, 265 F.3d at 958.

Irrespective of the measure used to calculate monetary equitable relief, courts apply a burden-shifting framework to determine the specific amount to award. *Direct Mktg. Concepts*, 624 F.3d at 15. First, the FTC bears the initial burden of providing the Court with a reasonable approximation of the monetary relief to award. *Commerce Planet*, 815 F.3d at 603. A reasonable estimate, rather than an exact amount, is proper because that may be the only information available, as when defendants do not maintain data necessary to calculate the precise amount. *FTC v. QT, Inc.*, 512 F.3d 858, 864 (7th Cir. 2008) ("A court is entitled to proceed with the best available information[.]"); *FTC v. Verity Int'l, Ltd.*, 443 F.3d 48, 69 (2d Cir. 2006) ("Of course, the reasonableness of an approximation varies with the degree of precision possible."), cert. denied, 549 U.S. 1278 (2007).

Second, once the FTC satisfies this burden, "the burden then shifts to the defendant to show that the FTC's figures overstate the amount of the defendant's unjust gains." *F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 604 (9th Cir. 2016). "Any fuzzy figures due to a defendant's uncertain bookkeeping cannot carry a defendant's burden to show inaccuracy." *Direct Mktg. Concepts*, 624 F.3d at 15; *see also Commerce Planet*, 815 F.3d at 604 ("Any risk of uncertainty at this second step 'fall[s] on the wrongdoer whose illegal conduct created the uncertainty.'") (quoting *F.T.C. v. Bronson Partners, LLC*, 654 F.3d 359, 368 (2d Cir. 2011)).

Hoyal defendants assert that "the FTC's recently-filed Trial Brief shows that the FTC has abandoned the only timely calculation of monetary relief (i.e. damages) submitted during pretrial discovery." Indeed, the FTC previously presented the parties and the Court with a damages request of approximately $20 million, but in the FTC's trial brief (#512), submitted on October 10, 2018, the damages request had been cut to roughly $11.7 million. However, the methodology of each of these requests is exactly the same, merely with more accurate and precise numbers used for the calculation. FTC requests monetary relief in the full amount of consumers' loss, calculated by the amount of money paid by consumers, less any refunds made to consumers. As discussed above, this is an appropriate formula for equitable monetary relief in the Ninth Circuit, and the back-and-forth calculating, challenging, and re-calculating of a final number is contemplated by the burden-shifting framework provided.

Additionally, the Court finds that the FTC has exercised repeated and significant discovery efforts throughout the life of this case, including expounding interrogatories, requests for production, as well as the other discovery tools available to it. Based on a particular document received from the Simpson defendants, however, the FTC presented an initial damages methodology and calculated number. When later presented with a more precise and accurate number during the summary judgment briefing, the FTC updated its calculation.

Although Hoyal defendants may have urged the FTC to pursue certain additional measures to obtain more data from the Simpson defendants, the Court can find no indication that any of the defendants presented the FTC with more accurate accounting and financial information, nor did they identify a single document or group of documents that would provide such information, other than the elusive "Simpson database." The Court agrees with the FTC that there was no way for them to know that such a database, or any other files possessed by Mr.

Simpson, would contain detailed revenue and refund information beyond what was provided to the FTC in discovery.[2] The Court finds, therefore, that the FTC did not lack diligence in pursuing discovery with the tools available.

Finally, when the FTC updated its calculation and request for damages, it used the exact same methodology for consumer loss – total amount paid by consumers, less any refunds made. Therefore, the Court finds that any change in the specific number used for the calculation, as reflected by new evidence that may even continue coming to light during trial, is harmless and not prejudicial to any of the defendants. The defendants are welcome to challenge such numbers with their lay and expert witnesses and with cross examination of the FTC's witnesses during trial.

## ORDER

The Hoyal defendants' motion in limine to exclude the FTC's evidence as to monetary relief (#522) is DENIED.

It is so ORDERED and DATED this ___1___ day of November, 2018.

_____
MARK D. CLARKE
United States Magistrate Judge

---

[2] Hoyal defendants state that they urged the FTC to seek an ex parte seizure order from the Court for Simpson's computer, but without an indication that such financial records existed and were being purposefully withheld, it is unclear to the Court on what authority it would or could have granted such an order.