Tyler Jay King
tyler@lawgroupfs.com
Franklin Square Law Group
700 12th St., NW, Ste. 700
Washington, DC 20005
Telephone: (202) 436-2641
Facsimile: (202) 478-0964

(*pro hac vice*)

Kevin Bons (OSB 066963)
kbons@beckley-law.com
Beckley & Bons, P.C.
66 Club Road, Suite 360
Eugene, Oregon 97440
Telephone: (541) 683-0888
Facsimile: (541) 683-0889

Attorney for Defendants Reality Kats, LLC
And Dennis Simpson

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ADEPT MANAGEMENT, INC., et, al.<br><br>Defendants. | CIVIL ACTION NO. 1:16-CV-00720-CL<br><br>Magistrate Judge Clarke<br><br>**THE SIMPSON DEFENDANTS' SUPPLEMENTAL WITNESS STATEMENT OF DAVID LENNON** |

Pursuant to the Court's Order Establishing Court Trial Dates and Procedures, [ECF No. 235], and proceedings thereon on October 29, 2018, the Simpson Defendants submit the following supplemental Witness Statement of David Lennon.

The Simpson Defendants intend to elicit testimony from Mr. Lennon regarding his interactions with the Simpson Defendants, and others, about the following, non-exhaustive list of items:

<u>The Mail Piece:</u>

The Simpson Defendants intend to elicit Mr. Lennon's testimony regarding the mail pieces that are at issue in this case. The scope of this testimony includes, but is not limited to, (1) why the mail pieces did not change the word "magazine" to "newspaper" for offers for "newspapers", (2) why the word "automatic" was used in the mail pieces, (3) why the word "renewal" was used in the mail pieces, (4) how and why d/b/a's were used and sounded the way they did, in the mail pieces, (5) why title names, d/b/a's, and disclosures were given their relevant prominence in the mail pieces, (6) why certain language was included on the back of the mail pieces versus the front of the mail pieces, including but not limited to, the phrase "INDEPENDENT AGENT", (7) how business practices such as switches and installment payments affected the verbiage and design, if any, of the mail pieces, and why the consumer did not receive their subscription immediately upon the first installment payment, (8) efforts taken, if any, to avoid making the mail pieces look like invoices, (9) why the attention line on the mail piece envelopes appeared the way it did, (10) why the phrase "regular subscription" was used in the mail pieces, (11) why the phrase "do not necessarily have a direct relationship" was used in the mail pieces,  (12) why the prices offered were higher than the publishers' direct prices, and (13) why the "lowest price" language appeared as it did.

<u>"Consumer Complaints":</u>

The Simpson Defendants intend to elicit Mr. Lennon's testimony regarding the "consumer complaints". The scope of this testimony includes, but is not limited to, (1) how and why the Oregon Operation[1] responded to consumer complaints in the manner in which it did, and (2) how and why the Oregon Operation responded to cease and desist letters from publishers in the manner in which it did, and (3) how and why the Oregon Operation responded to enforcement actions in the manner in which it did.

<u>Common Enterprise:</u>

The Simpson Defendants intend to elicit Mr. Lennon's testimony regarding the history and business relationships between the various Defendants. The scope of this testimony includes, but is not limited to, (1) chain of command of the Oregon Operation, (2) control of authority within the Oregon Operation regarding the mail pieces and the flow of money, (3) creation and ownership of pertinent entities, (4) the relationship between the Corporate Defendants and the Individual Defendants, if any, (5) third-party business relationships, if any, between the Individual Defendants, including but not limited to, Novato Development LLC and the Scenic Trust, (6) leasing space from Reality Kats, LLC, (7) how he was retained by any of the Defendants at any point in time, and who paid him, and how much he was paid, (8) resolution and settlement of the 2015 Oregon State enforcement action, (9) winding down the Oregon Operation, and (10) winding down the mail subscription business that he owned and operated.

---

[1] Use of the phrase "Oregon Operation" does not denote any particular definition, and instead is used for ease of reference only.

Documents:

The Simpson Defendants intend to admit documents, including several that have been challenged as privileged, a representative sample and list of which is attached hereto as Exhibit A.  The Simpson defendants contend that in almost every case, the documents are either (1) not privileged, (2) there is an exception to the privilege, or (3) the privilege was waived; and, if necessary, the Court should hear the privileged communications *in camera*.

Summary:

The proposed testimony and corresponding documentary evidence will make clear that the Simpson Defendants did not participate in any material way regarding the mail pieces, and that Reality Kats, LLC was not integrated into a common enterprise with any other Corporate Defendant.

Finally, the Simpson Defendants intend to call Mr. Lennon to rebut any testimony or documentary evidence that states or implies that the Simpson Defendants participated in any material way regarding the mail pieces, or that Reality Kats, LLC was integrated into a common enterprise with any other Corporate Defendant.

The Simpson Defendants expect Mr. Lennon's cross-examination and direct examination to take three to four hours.

DATED: November 4, 2018

                                             Respectfully Submitted,

                                             /s/
                                             _____
                                             Tyler Jay King, Esq.
                                             Franklin Square Law Group
                                             700 12th St., NW, Ste. 700
                                             Washington, DC  20005
                                             (202) 436-2641
                                             tyler@lawgroupfs.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 4, 2018, a copy of the foregoing was caused to be served to the pertinent parties of record in this matter, as follows:

By ECF on each of the following:

Krista K. Bush
kbush@ftc.gov
Laura M. Solis
lsolis@ftc.gov
Richard McKewen
rmckewen@ftc.gov
Connor Shively
cshively@ftc.gov
Sophia H. Calderón
scalderon@ftc.gov
W. Stuart Hirschfeld
shirschfeld@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174

| | |
|---|---|
| David B. Paradis | James E. Magleby |
| dparadis@brophylegal.com | magleby@mcgiplaw.com |
| Brophy Schmor LLP | Eric K. Schnibbe |
| 201 W. Main Street, 5th Floor | schnibbe@mcgiplaw.com |

Medford, OR 97501

Kevin W. Bons
kbons@beckley-law.com
Beckley & Bons, P.C.
66 Club Road, Suite 360
P.O. Box 11098
Eugene, OR 97440

Shannon Bacon
sbrenee@gmail.com
Kirchoff Law Offices
231 NW B. Street
Grants Pass, OR 97526

Colleen M. Kaylor
Cmarie0322@yahoo.com
308 Live Oak Loop
Central Point, OR 97502

Linda Babb Gmamma
910@gmail.com
440 Chateau Drive
Eagle Point, OR 97524

Laura Lovrien
ljlovrien@embarqmail.com
7610 Torrey Pines Ter.
Eagle Point, OR 97524

Adam Alba
alba@mcgiplaw.com
170 S. Main Street, Ste. 1100
Salt Lake City, UT 84101

Lydia Pugsley
Lydia@abdinc.biz
3339 E. Tanglewood Dr.
Phoenix, AZ 85048

By email and mail addressed to the address provided in Document 149 to the following:

Noel Parducci
lovemyfourlittleones@gmail.com
103 Monterey Drive
Medford, OR 97504

William Strickler
Bilofo541@gmail.com
2989 Thompson Creek Rd.
Jacksonville, OR 97530

Respectfully Submitted,

/s/
_____
Tyler Jay King, Esq.

6 of 7

# Exhibit A

| Ex. | Ex. Designation in Discovery[2] | Type of Document | Subject Matter | Privilege |
|---|---|---|---|---|
| 2029 | A5 | Email Conversation | Discusses changes made to the format of mail pieces, including removal of language "lowest price we offer" and "your renewal is automatic" or words to that effect after Lennon communicated with the Oregon Attorney General's Office in May 2015 | Hoyal owned any privilege with Lennon and waived that privilege when he forwarded the email to Simpson May 18, 2015 |
| 2031 | A7 | Email Conversation | Discusses legal advice regarding publisher cease and desist letters in 2010 and 2011. | Simpson waived any privilege he may have with Lennon and therefore the conversation is not privileged under ORS § 40.225 (4). |
| 2032 | A8 | Email Conversation | Discusses legal advice regarding changes in the formatting of mail pieces in 2015 | Simpson waived any privilege he may have with Lennon and therefore the conversation is not privileged under ORS § 40.225 (4). |
| 2033 | A9 | Email Conversation | Discusses legal advice regarding changes in the formatting of mail pieces in 2015. | Hoyal owned any privilege with Lennon and waived that privilege when he forwarded the email to Simpson October 8, 2015. |
| 2039, 2040 | B Set | Email Conversations occurring over several months in 2014 | Discusses representation of Scenic Trust, Reality Kats, LLC, and Simpson individually. | Simpson owned any privilege and he waived any privilege. |
| 2096, 2097 | E Set | Email Conversations | Lennon spells Kats as "Katz" | Simpson owned any privilege and he waived any privilege. |

---

[2] As denoted in the Simpson Defendants' Ninth Supplemental Document Production.