James E. Magleby (USB 7247)
  (*pro hac vice*)
  magleby@mcgiplaw.com
Eric K. Schnibbe (USB 8463)
  (*pro hac vice*)
  schnibbe@mcgiplaw.com
Adam Alba (USB 13128)
  (*pro hac vice*)
  alba@mcgiplaw.com
**MAGLEBY CATAXINOS & GREENWOOD, PC**
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101
Telephone: (801) 359 9000
Facsimile: (801) 359 9011

David B. Paradis (853016)
  dparadis@brophylegal.com
**BROPHY SCHMOR, LLP**
201 West Main Street, 5th Floor
P.O. Box 128
Medford, Oregon 97501
Telephone: 541 772 7123
Facsimile: 541 772 7249

Attorneys for Defendants Hoyal & Associates,
Jeffery Hoyal and Lori Hoyal

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON, MEDFORD DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** | **Case No.:  1:16-cv-00720-CL** |
|      **Plaintiff,** | |
| **v.** | **HOYAL DEFENDANTS' MOTION TO STAY CASE PENDING RESOLUTION OF APPEAL IN *FTC V. AMG*** |
| **ADEPT MANAGEMENT, INC., et al.** | |
|      **Defendants.** | |

## MOTION

Defendants Hoyal & Associates, Jeffery Hoyal, Lori Hoyal (collectively the "Hoyal Defendants") hereby move the Court for an order staying this case and extending existing deadlines until final resolution of the appeal before the Ninth Circuit in *FTC v. AMG Capital Management, LLC, et al.*, Ninth Circuit Case No. 16-17197 ("*FTC v. AMG*"), a case which could have significant precedential impact on this case. The Hoyal Defendants propose submitting semiannual status reports to the Court and parties by which the Court may periodically evaluate whether the stay should be ended in the event final resolution of the Ninth Circuit appeal in *FTC v. AMG* is unreasonably delayed. Pursuant to LR 7-1(a), counsel for the Hoyal Defendants certifies a good faith effort via email and telephone, seeking to resolve this dispute with counsel for the Plaintiff Federal Trade Commission ("FTC")[1] that was not successful and the FTC opposes this Motion. The other parties do not oppose this Motion.[2]

## MEMORANDUM IN SUPPORT

The Court should stay this case, subject to a six-month status report and review, pending resolution of the appeal in *FTC v. AMG* because the Ninth Circuit's *en banc* resolution will substantially impact and likely narrow the scope of issues in the instant proceeding. Moreover, there is no harm to the FTC in the instant case, considering that the FTC is an actual party in *FTC v. AMG* and can fully argue its positions to the Ninth

---

[1] Unless otherwise noted, abbreviated terms are as defined in the Hoyal Defendants' Trial Brief, filed October 10, 2018 (Doc. 490).

[2] Specifically, the Simpson Defendants and pro se Defendants have stated they do not oppose the requested stay, except that a response was not received from Ms. Babb, Ms. Lovrien, or Mr. Strickler.

Circuit.  Likewise, the FTC's own conduct here, in _not_ seeking any preliminary injunction underscores there is no chance of harm to consumers during the pendency of a stay. There is no dispute that the OSB which is the subject of this case has ceased operations and that none of the defendants (except the Simpson Defendants) are continuing to engage in any conduct that formed the basis of this action.  Further, in the event the FTC believes harm could result from the Simpson Defendants' conduct, the Hoyal Defendants have no objection to the requested stay being without prejudice to the FTC seeking a preliminary injunction as to the Simpson Defendants if it determines the same to be needed.

## BACKGROUND FACTS

### A.    THE CLAIMS IN THIS CASE.

As the Court is aware,[3] the FTC brought this action alleging a claimed violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC seeks "equitable" relief for the alleged violation pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  In pertinent part, after belatedly changing its method of calculating restitution, the FTC still seeks to hold all the defendants, including the _pro se_ Worker Defendants, the Hoyal Defendants, and the Simpson Defendants individually liable for approximately $11.5 million.

The defendants argue that, as a matter of law, following the recent unanimous U.S. Supreme Court decision in _Kokesh v. SEC_, ___ U.S. ___, 137 S. Ct. 1635 (2017),

---

[3] In light of the procedural status of the case, having completed a trial spanning five weeks, the Hoyal Defendants presume the Court's familiarity with the key issues and facts in the instant proceeding and, therefore, do not repeat all of them in this "Background Facts."  Additional pertinent facts are included in the "Argument" section of this memorandum, below.

monetary relief is not permitted as an equitable remedy under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and that circuit authority to the contrary has been implicitly overruled. [*See* Hoyal Defendants' Trial Brief at 47-51 (Doc. 490 at 47-51)]. Although the *Kokesh* court did not squarely address the issue, its reasoning—that such crushing monetary awards are penalties—places them squarely outside the bounds of equity. This is an issue of law that wholly disposes of the FTC's requested monetary relief – both as to the corporate entity and individual defendants.

Indeed, during trial the FTC recognized defendants were arguing that monetary relief was not available to under Section 13(b) was at issue, stating during closing argument: "There's also been some argument, and I suspect we'll hear more, that there's no authority to order restitution in this case at all or that that period should be limited because of the *Kokesh* case -- the *SEC* case that there's been briefing on." [Tr. 3700].

If, and only if, the Court rules that monetary relief is available under Section 13(b), will it be necessary for the Court to reach other issues in the case. For example, if no monetary relief is available for the FTC, then the Court will not need to engage in the extensive fact-intensive inquiry of whether each of the individual Worker Defendants are personally liable for any monetary award based upon whether each of them "(1) participated directly in, or had the authority to control, the unlawful acts or practices at issue; and (2) had actual knowledge of the misrepresentations involved, was recklessly indifferent to the truth or falsity of the misrepresentations, or was aware of a high probability of fraud and intentionally avoided learning the truth." *F.T.C. v. Commerce Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016). For example, the Court will not need

analyze the specific evidence of Ms. Babb's involvement with the OSB.  The Court will

not need to address whether Ms. Parducci's bookkeeping work at the direction of

Simpson imparted sufficient knowledge that the Mailers were deceptive.  And, the Court

will not need to address whether Lori could be liable despite being uninvolved with the

OSB and Mailers at any time relevant to the FTC's complaint.

Additionally, the Court will not need to address various issues related to the

method of calculating monetary relief, such as whether the FTC has met its burden to

provide a reasonable approximation of the amount the defendants have unjustly

received as a result of violating the FTC Act, whether restitution payments made by the

OSB in connection with the 2015 AVC proceedings are a proper offset from a monetary

award in favor of the FTC in this case, and whether the remit prices paid by the OSB to

publishers are proper reduction from total revenues.

### B.    THE STATUS OF FTC V. AMG CAPITAL MANAGEMENT, LLC

On December 3, 2018, a three-judge panel of the Ninth Circuit released its

opinion in *FTC v. AMG*, 910 F.3d 417 (9th Cir. 2018).  For the Court's convenience, a

copy of that opinion is attached as Exhibit 1.  In that case, the FTC brought claims

against a payday lender and sought billions of dollars in restitution.  *Id.* at 421-22.  The

district court awarded the FTC $1.27 billion in restitution, and the defendant appealed,

arguing, among other things, that the FTC improperly used Section 13(b) of the FTC Act

"to pursue penal monetary relief under the guise of equitable authority."  *Id.* at 426.

The Ninth Circuit panel consisted of Judges Diarmuid F. O'Scannlain and Carlos

T. Bea, who have been appointed to the Ninth Circuit Court of Appeals, as well as

Judge Richard G. Stearns, who sat by designation and is district court judge for the

District of Massachusetts.  *Id.* at 420 & n.*.  The lead opinion, joined by all three panel

members, affirmed the lower court, holding the restitution award was supported under existing Ninth Circuit authority of *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 598 (9th Cir. 2016), that "[a] three-judge panel may not overturn prior circuit authority unless it is 'clearly irreconcilable with the reasoning or theory of intervening higher authority,'" and that, "because *Kokesh* and *Commerce Planet* are not clearly irreconcilable, we remain bound by our prior interpretation of § 13(b)." *FTC v. AMG*, 910 F.3d at 426-427.

However, in a highly unusual move, the two judges on the panel who are members of the Ninth Circuit filed a specially concurring opinion, authored by Judge O'Scannlain and joined in by Judge Bea. In that special concurrence, the two judges called for the Ninth Circuit to convene *en banc* to revisit its 2016 decision setting the precedent that compelled the ruling, the case of *FTC v. Commerce Planet, Inc.*, 815 F.3d 593 (9th Cir. 2016). The two judges referred to *Commerce Planet* as an "unfortunate interpretation" of the FTC Act, and argued that the interpretation is "no longer tenable" considering *Kokesh* and the plain language of the FTC Act. *Id.* at 429. The two judges noted:

> Because the text and structure of the statute unambiguously foreclose such monetary relief, our invention of this power wrests from Congress its authority to create rights and remedies. And the Supreme Court's recent decision in *Kokesh* . . . undermines a premise in our reasoning: that restitution under § 13(b) is an 'equitable' remedy at all. Because our interpretation wrongly authorizes a power that the statute does not permit, we should rehear this case en banc to relinquish what Congress withheld.

*Id.* (emphasis added).

Regarding the statute's text, Judge O'Scannlain noted that Section 13(b) only allows a court to issue a "permanent injunction," rather than an order to pay money for reparation, which "is essentially a *damages* remedy." *Id.* at 430 (emphasis in original).

Judge O'Scannlain further observed that the term "'injunction' cannot reasonably be interpreted to authorize other forms of equitable relief, because Congress would have said so if it did." *Id.* For example, the Employee Retirement Income Security Act (ERISA) authorizes litigants to seek both "to enjoin any act or practice" and "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3).

Analyzing the Supreme Court's recent decision in *Kokesh*, Judge O'Scannlain explained that restitution ordered under Section 13(b) should be classified as a "civil penalty," not a form of equitable relief. *Id.* at 433. Because it is not a form of equitable relief, the court "should not be able to impose such penalty" under Section 13(b). *Id* at 434.

Finally, Judge O'Scannlain explained that even though other courts have agreed with the Ninth Circuit's interpretation of Section 13(b) in *Commerce Planet*, that does not mean "that they are correct on the law, especially in light of *Kokseh*." *Id.* at 436. Indeed, none of the cases accepting *Commerce Planet* undertakes the historical analysis required to distinguish equitable relief from a judgment imposing liability, and all of the cases are postdated by *Kokesh*. *Id.* at 436

On January 7, 2019, the defendants in *FTC v. AMG* filed an Unopposed Motion for Extension of Time to File Petition for Rehearing En Banc, requesting a 45-day extension to file their petition for rehearing en banc through March 4, 2019. As noted in that motion, Judge O'Scannlain's opinion, joined by Judge Bea, described *Commerce Planet* as "unfortunate." Further, the motion explained that the Defendants in the *FTC v. AMG* case have discussed the issues with several practitioners and *amici* across the country who are watching the case closely, and that the defendants will file the petition

for rehearing within the time requested.  The Ninth Circuit granted that request on

January 8, 2019.  The motion is attached as Exhibit 2 and order is attached as Exhibit 3.

## ARGUMENT

### I.    A STAY OF THIS CASE IS WELL WITHIN THE COURT'S INHERENT POWER TO CONTROL ITS DOCKET

The Court's inherent power to manage its docket unquestionably includes the

discretion to stay this case pending resolution of the appeal in *FTC v. AMG*.  *Ride &*

*Show Eng'g, Inc. v. Walt Disney Parks & Resorts, L.L.C.*, No. CV 03-6895 GAF (SHX),

2006 WL 8435021, at *2 (C.D. Cal. Jan. 26, 2006) ("The decision whether to stay a

proceeding falls within the discretion of the Court as part of a district court's inherent

power to control its docket and calendar.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248,

254 (1936); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th

Cir. 1983)) (granting motion to stay pending resolution of other litigation); *accord Cohen*

*v. Carreon*, 94 F. Supp. 2d 1112, 1115 (D. Or. 2000) (granting stay pending resolution

of other litigation).  The Ninth Circuit has explained:

> A trial court may, with propriety, find it is efficient for its own docket and the
> fairest course for the parties to enter a stay of an action before it, <u>pending</u>
> <u>resolution of independent proceedings which bear upon the case</u>.  This rule
> applies whether the separate proceedings are judicial, administrative, or
> arbitral in character, <u>and does not require that the issues in such</u>
> <u>proceedings are necessarily controlling of the action</u> before the court.  In
> such cases the court may order a stay of the action pursuant to its power to
> control its docket and calendar and to provide for a just determination of the
> cases pending before it.

*Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 864-65 (9th Cir. 1979)

(internal citations omitted) (emphasis added); *accord Cohen v. Carreon*, 94 F. Supp. 2d

1112, 1115 (D. Or. 2000).  Further,

> the issues need not be exactly identical in order for this court to grant a stay.
> The test is whether *simplifying or complicating* of issues, proof, or questions

of law can be expected to result from a stay such that "the orderly course of justice" is furthered.  Thus, the issues need not be identical but need only be simplified by granting a stay and awaiting a final ruling . . . .

*Cohen*, 94 F. Supp. 2d at 1117 (emphasis in original).

District courts within the Ninth Circuit weigh competing interests in determining whether to issue a stay:

Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay.

*Id.*, 94 F. Supp. 2d at 1115 (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962) (citing *Landis,* 299 U.S. at 254-55)).

## II.    A STAY WILL SIMPLIFY ISSUES OF LAW AND PROMOTE ECONOMY FOR THE COURT AND PARTIES

The Court should stay this case pending final resolution of the appeal in *FTC v. AMG* because doing so will drastically simplify the issues in this case.  As noted above, if the Ninth Circuit hears the *FTC v. AMG* case en banc and agrees that monetary relief is unavailable under Section 13(b), it will not be necessary for this Court to reach other fact-intensive issues in the case.  The Court will not need to engage in the extensive fact-intensive inquiry of whether each of the individual Worker Defendants are personally liable for any monetary award or how to calculate the monetary relief.

Not only with the Court's resources be spared if the Court grants a stay, but the burden upon the parties' time and money could be significantly reduced.  For example, the parties may not be required to spend time – and in some cases, money on their lawyers – to engage in the fact-intensive analysis of personal liability called for in post-trial submissions.  Indeed, the burden on preparing proposed findings of facts and

conclusions of law by the pro se defendants in this case is especially great considering they have never done anything like that before, as noted by the Court at the conclusion of the trial. [*See* 12-5-18 Trial Tr. at 3875:9-13].

On the other hand, if the case were to proceed, the parties will spend months litigating post-trial issues, months that may be completely wasted if the Ninth Circuit agrees that monetary relief is unavailable under Section 13(b). Thus, simplification of the case and judicial economy strongly favor a stay pending the resolution of the *FTC v. AMG* case.

## III.    THERE WILL BE NO HARM TO THE FTC OR THE OTHER PARTIES FROM THE STAY

The lack of any harm to the parties also favors a stay.  The *Ride & Show* case is instructive on the issue of harm.  In that case, the plaintiff sought to stay a case involving its patent where another case in a different jurisdiction involving the same patent was more advanced. *See Ride & Show*, 2006 WL 8435021, at *1. The court granted the request for the stay, noting that the harms were mitigated by the fact that the resolution in the more-advanced case "could moot the dispute in the other." *Id*. at *4. The court also noted that "[i]f both cases proceed concurrently . . . it will be more likely that inconsistent holdings will result." *Id.*  The court also observed that the defendant's defenses "could conveniently be litigated after the [more advanced] case concludes, and such litigation will be unnecessary" depending on the outcome of the more advanced case.  *Id.*

This case is similar.  Here, The FTC will not be harmed by waiting for a decision from the *FTC v. AMG* case because that case will significantly limit – and potentially resolve – the outstanding issues in this case.  For example, if the resolution of the *FTC*

HOYAL DEFENDANTS' MOTION TO STAY CASE
PENDING RESOLUTION OF APPEAL IN *FTC V. AMG* -- 10

*v. AMG* case is unfavorable for the FTC, then the FTC will be saved considerable time by not litigating the post-trial issues under a standard that may be overturned. And there is also a possibility that the resolution of the *FTC v. AMG* case will be favorable for the FTC. In that case, the only harm to the FTC would be from a delay in post-trial litigation, but with a certainty that the legal issues have been firmly resolved by the Ninth Circuit. In other words, it's a win-win for the FTC no matter which way the Ninth Circuit rules after the en banc hearing. Further, the FTC itself is a party in the *FTC v. AMG* case, and it naturally has an interest in the resolution of that case to inform its litigation strategies and tactics in other cases it is prosecuting, including this case.

Moreover, the new deadline in this case for the findings of fact and conclusions of law requested by the FTC – March 14, 2019 – is *after* the March 4, 2019 deadline for the petition for rehearing in the *FTC v. AMG* case. Having the petition for rehearing filed *before* the March 14, 2019 deadline in this case reduces the likelihood of a lengthy delay.

Additionally, because the FTC is a party in the *FTC v. AMG* case, the harm from a stay in this case, if there is any harm, is substantially mitigated. This is because the FTC will be able to advance its position in that case while this case is stayed. In other words, the FTC does not miss any opportunity to protect its interests and advance its position. Further, the FTC's own recent motion to stay this case shows that obtaining a resolution of its claim here is not time sensitive. Just as the FTC was not harmed by the delay cause by its own motion to stay the case, it will similarly not be harmed if this Court waits the short time necessary for the Ninth Circuit to provide a binding decision on what remedies are actually available to the FTC in this case. Indeed, the FTC's own

conduct here, in _not_ seeking any preliminary injunction underscores there is no chance

of harm to consumers during the pendency of a stay.  There is no dispute that the OSB

which is the subject of this case has ceased operations and that none of the defendants

(except the Simpson Defendants) are continuing to engage in any conduct that formed

the basis of this action.[4]

      Also, no other party in this case will be harmed by a stay.  As noted above, every

party to this case will be saved significant time and money if a stay is entered to wait for

the resolution of the _FTC v. AMG_ case, especially the pro se defendants who have little

familiarity with how to draft and prepare findings of fact and conclusions of law.  There is

literally no downside for any defendant in this case if the Court were to grant a stay.

      Finally, to the extent that some issues will need to be litigated after the stay,

including Defendants' affirmative defenses, those defenses "could conveniently be

litigated after" the _FTC v. AMG_ case, and such litigation may be unnecessary depending

on the outcome of the _FTC v. AMG_ case.[5]

**CONCLUSION**

      For the foregoing reasons, the Hoyal Defendants respectfully request that the

Court stay this case and extend existing deadlines until final resolution of the appeal

before the Ninth Circuit in _FTC v. AMG_.

---

[4] As noted above, in the event the FTC believes harm could result during the requested stay from the Simpson Defendants' conduct, the Hoyal Defendants have no objection to the stay being without prejudice to the FTC seeking a preliminary injunction as to the Simpson Defendants if it determines the same to be needed.

[5] As a practical consideration, removal of a potential crushing $11.5 million monetary award as a possible remedy in this case may substantially impact the likelihood of settlement, in which instance little to no further court action would be necessary.

HOYAL DEFENDANTS' MOTION TO STAY CASE
PENDING RESOLUTION OF APPEAL IN _FTC V. AMG_ -- 12

DATED this 30th day of January 2019.

MAGLEBY CATAXINOS & GREENWOOD

James E Magleby
Eric K Schnibbe
Adam Alba


BROPHY SCHMOR LLP
David B. Paradis

*Attorneys for Hoyal & Associates, Jeffery
Hoyal, and Lori Hoyal Defendants*

HOYAL DEFENDANTS' MOTION TO STAY CASE
PENDING RESOLUTION OF APPEAL IN *FTC V. AMG* -- 13

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed by the law firm of MAGLEBY CATAXINOS &

GREENWOOD, 170 South Main Street, Suite 1100, Salt Lake City, Utah 84101, and that pursuant

to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **HOYAL**

**DEFENDANTS' MOTION TO STAY CASE PENDING RESOLUTION OF APPEAL IN FTC V.**

**AMG** was delivered to the following this 30th day of January 2019, by submission to CM/ECF

System or e-mail:

Krista K. Bush
  kbush@ftc.gov
Laura M. Solis
  lsolis@ftc.gov
Richard McKewen
  rmckewen@ftc.gov
Connor Shively
  cshively@ftc.gov
Sophia H. Calderon
  scalderon@ftc.gov
W. Stuart Hirschfeld
  shirschfeld@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174

*Attorneys for Plaintiff*
*Federal Trade Commission*

Linda Babb
  Gmamma910@gmail.com
440 Chateau Dr.
Eagle Point, OR 97524

Noel Parducci
  lovemyfourlittleones@gmail.com
103 Monterey Drive
Medford, OR 97504

William Strickler
  bilofo541@gmail.com
2989 Thompson Creek Rd
Jacksonville, OR 97530

Tyler Jay King (pro hac vice)
  tyler@lawgroupfs.com
FRANKLIN SQUARE LAW GROUP, PC
700 12 St., NW, Ste. 700
Washington, DC 20005

Kevin Bons
  kbons@beckley-law.com
BECKLEY & BONS, P.C.
66 Club Road, Suite 360
Eugene, Oregon 97440

*Attorneys for Defendants*
*Reality Kats, LLC and Dennis Simpson*

Shannon Bacon
  sbrenee@gmail.com

Colleen Kaylor
  cmarie0322@yahoo.com

Laura Lovrien
  ljlovrien@embarqmail.com
7610 Torrey Pines Ter.
Eagle Point, OR 97524

Lydia Pugsley
  lydia@abdinc.biz
3339 E. Tanglewood Dr.
Phoenix, AZ  85048