IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**ADEPT MANAGEMENT INC., et al,**

Defendants.

Civ. No. 1:16-cv-00720-CL

**OPINION AND ORDER**

CLARKE, Magistrate Judge.

This case comes before the Court on the Hoyal defendants' motion for a stay pending resolution of an appeal of an unrelated case, *FTC v. AMG Capital Management, LLC*, 910 F.3d 417 (9th Cir. 2018). For the reasons below, the motion (#659) is DENIED. The represented parties' post-trial briefing is due March 14. Post-trial briefing by the unrepresented parties is due March 25.

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). As such, "[a] district court has discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In utilizing this discretion, however, the district court must weigh a number of factors, including any potential damage that may result

from granting a stay, "the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). The party seeking "a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

In this case, the defendants have failed to make out a clear case of hardship or inequity in being required to go forward. Merely "being required to defend a suit . . . does not constitute a "clear case of hardship or inequity" within the meaning of the standard for a stay of proceedings. *Dependable Highway Express*, 498 F.3d at 1066 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)). The vast majority of the substance of this case has already taken place, including motions for summary judgment and a full bench trial. The only items remaining are the parties' post-trial briefs, which include proposed findings of fact and conclusions of law, and the Court's decision on liability and remedy. Thus, a stay would deny the parties finality in a case that has now been pending for several years.

Additionally, the indefinite and uncertain nature of the stay requested makes it inappropriate at this time. The Hoyal defendants assert that a petition for rehearing en banc in the *AMG Capital Management* case will be filed by March 4, but, even if such a petition is granted, there is no way to know how long such a process will take to reach an ultimate conclusion. *See Hoeun Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) (vacating indefinite stay).

As the 9th Circuit panel that decided the *AMG Capital Management* case pointed out, the current state of the law on restitution in an FTC case is settled. Should the Hoyal defendants' theory that the law will change with an en banc rehearing of that case come to fruition, an appeal

of a contradictory outcome in this case could certainly be appropriate at that time. A stay at this time, however, would be wholly speculative and cause undue delay in a case that is nearing completion.

## ORDER

The Hoyal defendants' motion to stay is DENIED. The stay granted to the FTC due to the plapse of appropriations is lifted. The Proposed Findings of Fact and Conclusions of Law and Post-trial Briefs of the FTC and the represented parties are due on March 14, 2019. The Proposed Findings of Fact and Conclusions of Law and Post-trial Briefs of Defendants Linda Babb, Shannon Bacon, Laura Lovrien, Noel Parducci, Lydia Pugsley, and William Strickler, if any, are due on March 25, 2019.

It is so ORDERED and DATED this 19 day of February, 2019.

MARK D. CLARKE
United States Magistrate Judge