Krista K. Bush, WSBA 30881
kbush@ftc.gov
Laura M. Solis, WSBA 36005
lsolis@ftc.gov
Connor B. Shively, WSBA 44043
cshively@ftc.gov
Richard McKewen, WSBA 45041
rmckewen@ftc.gov
Sophia Calderón, CA Bar No. 278135
scalderon@ftc.gov
W. Stuart Hirschfeld, WSBA 23532
shirschfeld@ftc.gov
Stephen T. Fairchild, WSBA 41214
sfairchild@ftc.gov
Federal Trade Commission
915 Second Ave., Suite 2896
Seattle, WA 98174
Phone: 206-220-6350
Fax: 206-220-6366
Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br>Plaintiff,<br><br>v.<br><br>**ADEPT MANAGEMENT, INC., et al.,**<br>Defendants. | Case No: 1:16-cv-00720-CL<br><br>**ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

Having considered the Plaintiff Federal Trade Commission's ("Commission" or FTC") proposed form of permanent injunction and monetary judgment, any opposition thereto, and the entire record established in this case, the Court enters this Order for Permanent Injunction and Monetary Judgment.

**IT IS THEREFORE ORDERED** as follows:

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Corporate Defendants"** means: Hoyal & Associates, Inc., Reality Kats, LLC, Adept Management, Inc., Anchor Publishing Group, Inc., Associated Publishers Network, Inc., Atlas Business Consulting LLC, Clarity Group, Inc., Consolidated Publishers Exchange, Inc., Crown Resource Management LLC, Customer Access Services, Inc., Express Publishers Service, Inc., HCG, Inc., Henry Cricket Group, LLC, Liberty Publishers Service, Inc., Magazine Clearing Exchange, Inc., Magazine Link, Inc., Maximillian, Inc., North West Data Services LLC, PPP Magazines, Inc., Publishers Payment Processing, Inc., Publishers Payment Processing, Inc., Specialties, Inc., Subscription House Agency, Inc., United Publishers Exchange, Inc., and Wineoceros Wine Club, Inc., and their DBAs, subsidiaries, affiliates, successors, and assigns.

2. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

3. **"Direct Mail"** includes any solicitation or other marketing effort that uses the U.S. Postal Service, a foreign postal service, or a commercial mail carrier to communicate directly with consumers through printed materials.

4. **"Individual Defendants"** means:

    (1) Linda Babb;

(2) Shannon Bacon, a/k/a Shannon Balero, a/k/a Shannon Gordon;

(3) Jeffrey Hoyal;

(4) Lori Hoyal;

(5) Colleen Kaylor;

(6) Laura Lovrien, a/k/a Laura Babb;

(7) Noel Parducci, a/k/a Noel Littlefield, a/k/a/ Noelle Littlefield;

(8) Lydia Pugsley, a/k/a Lydia Babb;

(9) Dennis Simpson; and

(10) William Strickler.

## ORDER

### I. BAN ON DIRECT MAIL MARKETING

IT IS ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any good or service by Direct Mail, whether directly or indirectly.

Defendants may request an exemption or seek advice from the FTC if he or she believes a particular job or position may run afoul of this provision. Even if permission is granted, all other terms of this injunction, including compliance reporting and compliance monitoring, must still be followed by that defendant.

### II. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the

advertising, marketing, promotion, offering for sale, sale, or distribution of any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A.    That Defendants' marketing materials are newspaper or magazine subscription notices from, or authorized by, the publishers of the publications identified in the marketing materials;

    B.    That a consumer's existing or "regular" newspaper or magazine subscriptions are due for renewal or will expire unless payment is made;

    C.    That newspaper or magazine subscriptions are "automatic," in that the specified newspaper or magazine subscription will be provided in all instances;

    D.    That consumers will receive the specified newspaper or magazine subscription at a price offered or authorized by the publishers; and

    E.    Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### III.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

    A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 30 days;

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account, or a subscription account), that any Defendant obtained prior to entry of this Order from consumers in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of newspaper or magazine subscriptions; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

This provision does not prevent any Defendant from responding to government inquiries from any agency with the authority to request such information.

## IV. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of eight million, nine hundred forty-two thousand, seven hundred seventy-four dollars and two cents ($8,942,774.02) is entered in favor of the Commission against the Corporate Defendants, Individual Defendant Dennis Simpson, Individual Defendant Jeffrey Hoyal, and Individual Defendant Lori Hoyal, jointly and severally, as equitable monetary relief.

B. Each Corporate Defendant, Individual Defendant Dennis Simpson, Individual Defendant Jeffrey Hoyal, and Individual Defendant Lori Hoyal must submit to the Commission their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

C.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.

## V.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to:

(1) all principals, officers, directors, and LLC managers and members;

(2) all employees having managerial responsibilities for advertising of, marketing of, promotion of, offering for sale, sale, distribution of, receiving, processing, clearing, or submitting of newspaper or magazine subscription orders, and all agents and representatives who participate in the advertising of, marketing of, promotion of, offering for sale, sale, distribution of, receiving, processing, clearing, or submitting of newspaper or magazine subscription orders; and

(3) any business entity resulting from any change in structure as set forth in the Section

titled Compliance Reporting.

C. In any other business, such as one in which the Individual Defendant is an employee without any ownership or control, that Individual Defendant must deliver a copy of this Order to all principals and managers of the business before participating in the advertising, marketing, promotion, offering for sale, sale, distribution of, receiving, processing, clearing, or submitting of newspaper or magazine subscription orders. Note that if the Defendant is an employee and has no participation or involvement with any newspaper or magazine subscription orders, this subsection does not apply.

D. Delivery must occur within 30 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

E. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with the Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which

ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT

Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how the Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2.    Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

    B.    For 20 years after entry of this Order, Defendants must submit a compliance notice, sworn under penalty of perjury, within 30 days of any change in the following:

    1.    Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that the Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2.    Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

    C.    Each Defendant must submit to the Commission notice of the filing of any

ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT
8

bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 30 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Adept Management, Inc., No. X160035.

## VII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants, in connection with the advertising, marketing, promotion, offering for sale, or sale of any newspaper or magazine subscription, and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly

ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT

9

or indirectly, such as through a third party, and any response;

D.  All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.  A copy of each unique advertisement, mailer, or other marketing material.

## VIII.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.  Within 30 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  The Commission may use all lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

C.  Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED** this 10 day of June, 2019.

_____
MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE