FILED 19 JUN 24 8:29 USDC-ORM

Noel Parducci (*pro se*)
lovemyfourlittleones@gmail.com
103 Monterey Drive
Medford, OR 97504
Telephone: 541.621.4061

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON, MEDFORD DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**<br><br>**Plaintiff,**<br><br>v.<br><br>**ADEPT MANAGEMENT, INC., et al.**<br><br>**Defendants.** | **CASE NO.: 1:16-CV-00720-CL**<br><br>**DEFENDANT NOEL PARDUCCI'S MOTION FOR RECONSIDERATION OF JUNE 10, 2019 ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT (DOC 730)** |

## LR 7-1 CERTIFICATION

Defendant Noel Parducci (Parducci) certifies that she made a good faith effort to resolve the dispute with the Federal Trade Commission (the FTC) and was unable to do so. *See* Exhibit 1, emails between Parducci and the FTC.

## MOTION

Pursuant to Fed. R. Civ. P. 59(e) and 60, Parducci respectfully requests the Court to reconsider its June 10, 2019 Order for Permanent Injunction and Monetary Judgment (Doc 730) (the Order) and order the FTC to modify the language within the Order so that Parducci and the other Pro Se Worker Defendants can feasibly comply

with its fundamental terms. Parducci provides the following Legal Memorandum in support of this Motion.

## LEGAL MEMORANDUM

### 1. This Motion Should be Granted Because the FTC Cannot Explain How the Vague Language in the Order Should be Applied

The Order states under Section I., Ban on Direct Marketing that: "Defendants may request an exemption or *seek advice* from the FTC if he or she believes a particular job or position may run afoul of this provision."[1]

Taking this language to heart, on June 18, 2019, Parducci emailed Krista Bush of the FTC:

> Dear Krista,
>
> Judge Clarke's most recent order (Doc 730 - Order for Permanent Injunction and Monetary Judgment - Page 3) states, "Defendants may request an exemption or seek advice from the FTC if he or she believes a particular job or position may run afoul of this provision".
>
> I am taking the Judge's advice in requesting an immediate conference call for clarification. Doc 730 is unclear, and I do not understand it. Please give me available time because I am concerned about even my current activities running afoul of this injunction. I will try to be very flexible regarding timing.
>
> Other Pro Se Defendants are also in need of clarification.
>
> I look forward to hearing from you about the timing and logistics at your earliest convenience.[2]

---

[1] Order at page 3 (emphasis added).
[2] Exhibit 1 at page 1.

DEFENDANT NOEL PARDUCCI'S MOTION FOR RECONSIDERATION OF JUNE 10, 2019 ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT (DOC 730) -- 2

Pro Se Defendants Shannon Bacon, Colleen Kaylor and William Strickler also stated by email that they would like clarification regarding the language in the Order and a teleconference and has had no reply from the FTC.[3]

However, rather than provide "advice" as to whether Parducci's current activities may run afoul of the provision or providing date(s) and time(s) to schedule a teleconference as Parducci requested, the FTC replied (in relevant part):

> If you want to know if the FTC would consider specific conduct to violate the direct mail ban, you can describe in detail, in writing, the proposed conduct and ask for the opinion of FTC counsel. FTC counsel will respond, as warranted, either in writing or by telephone. You should be aware, however, that any opinion would be that of FTC counsel only. It will not be reviewed or approved by the Commission or by any individual Commissioner, and **the opinion will be given without prejudice to the right of the FTC to later rescind the opinion and, where appropriate, to commence an enforcement action.**
>
> ***
>
> The FTC cannot provide legal advice. To obtain legal advice, you should speak with a private lawyer."[4]

The FTC's above email states that FTC counsel will give their opinion, but it can always rescind its opinion and commence enforcement action, *even if the FTC originally advised that proposed conduct would not violate the Order*. This puts Parducci and the other Pro Se Worker Defendants in an untenable and frightening position, not knowing whether the FTC will approve an activity, then later commence enforcement action for the same activity that the FTC originally approved.

Parducci replied back:

---

[3] Exhibit 1 at pages 1-2 and 5.

[4] Exhibit 1 at page 2.

DEFENDANT NOEL PARDUCCI'S MOTION FOR RECONSIDERATION OF JUNE 10, 2019 ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT (DOC 730) -- 3

> The Merriam-Webster Dictionary Definition of the word *Advice* is:
>
> > **Definition of *advice***
> > **1:** recommendation regarding a decision or course of conduct
> > Are you refusing to follow Judge Clarke's orders?
> >
> > I am requesting a teleconference for clarity on:
> >
> > 1) How am I supposed to seek clarity on a specific exemption if your email holds true that I cannot count on an FTC exemption approval when that approval can be rescinded, and I can then be vulnerable to an FTC enforcement action?
> > 2) I am seeking clarity on your injunction that seems vague to me. For example, on pg 8 (#2B): 'employee or otherwise'...does that mean volunteering at my children's school or at my local church? What does 'employee or otherwise' mean specifically? That is only one example of the type of questions that I (and the other Pro Se Workers) have.
> >
> > Once again, I ask for your advice and a teleconference.[5]

As shown in Exhibit 1, Parducci and the FTC went around and around via email, until the FTC's final email, sent on Friday, June 20, 2019, stated:

> Ms. Parducci,
>
> Thank you for the clarification. We share your interest in ensuring full compliance with the terms of the Order. We are currently coordinating with the FTC's Division of Enforcement, which will be managing Order compliance and monitoring. We will follow up with you shortly to provide additional information about next steps.[6]

The bottom line is that the FTC never provided "advice" as instructed by the Court concerning how the ban on direct marketing should be applied. Moreover, the FTC's emails infer that the FTC (who drafted the Order) is not clear how the language in the Order should be practically applied. One example of this is:

---

[5] Exhibit 1 at page 3.
[6] Exhibit 1 at page 6.

DEFENDANT NOEL PARDUCCI'S MOTION FOR RECONSIDERATION OF JUNE 10, 2019 ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT (DOC 730) -- 4

> On "pg 8 (#2B) of the injunction: 'employee or otherwise'...does that mean volunteering at my children's school or at my local church? What does 'employee or otherwise' mean specifically?" (excerpt from Parducci's question to the FTC – that they couldn't or wouldn't explain).

Parducci wants to ensure that she is in full compliance and begs the court for protection so that she is not vulnerable to disciplinary action (fines/jail time). Parducci's worst fears are coming true in that the FTC is deliberately withholding clarification and threatening future disciplinary action when all Parducci is doing is trying to ensure compliance.

For all the reasons that Parducci has previously stated, the language in the Order is vague, overbroad, ambiguous and punitive. Parducci asked the FTC to clarify; it has refused to do so. For this reason alone, the Court should grant this Motion and order the FTC to modify the language in the Order so that the Pro Se Defendants can actually fully comply.

### 2. This Motion Should be Granted Because the Language in the Order is not Clear and Precise Or Easily Understood by the Pro Se Worker Defendants Against Whom the Order is Directed

The multiple emails between Parducci, the FTC and other Pro Se Worker Defendants attached as Exhibit 1 establish that the language in the Order is neither "clear and precise" nor understandable by the Pro Se Defendants. This violates the law.

For example, in *F.T.C. v. Colgate-Palmolive Co.*, 380 U.S. 374, 85 S. Ct. 1035, 13 L. Ed. 2d 904 (1965) the U.S. Supreme Court warned:

......that an order's prohibitions 'should be **clear and precise in order that they may be understood by those against whom they are directed**,' and that '(t)he severity of possible penalties prescribed * * * for violations of orders which have become final underlines the necessity for fashioning orders which are, at the outset, sufficiently clear and precise to avoid raising serious questions as to their meaning and application.' *Id.* at 392 (emphasis added; internal citations omitted).

The Ninth Circuit echoed the sentiments expressed by the U.S. Supreme Court when it held:

> The benchmark for clarity and fair notice is *not* lawyers and judges, who are schooled in the nuances of [the] law," but instead the "*lay person, who is the target of the injunction.*" *Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1150 (9th Cir. 2011), citing *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006) (emphasis added); *see also, Schmidt v. Lessard*, 414 U.S. 473, 476, 94 S.Ct. 713, 38 L.Ed.2d 661 (1974).

Again, the fact that not just Parducci, but several other Pro Se Worker Defendants have sought clarity, establishes that the Order is not "as specific as the circumstances will permit," which the U.S. Supreme Court says is required in these types of cases. *F.T.C. v. Colgate-Palmolive Co.*, supra, 380 U.S. 374 at 393.

For these additional reasons, this Court should grant Parducci's Motion for Reconsideration.

## CONCLUSION

Parducci respectfully requests that the Court grant this Motion and order the FTC to modify the Order so that the lay people (Pro Se Worker Defendants) can understand and comply with the Order.

Parducci also requests that the Court grant this Motion and order any clarification or approved exemptions by the FTC can hold true in perpetuity (or at the very least for

the duration of the injunction) so that the Pro Se Worker Defendants are not vulnerable to the FTC's whim.

For all of the foregoing reasons, points and authorities, Parducci requests that the Court grant this Motion and that the FTC be ordered to modify the Order as it pertains to the Pro Se Worker Defendants as outlined above.

Dated: June 24, 2019               By: s/Noel Parducci *(pro se)*

DEFENDANT NOEL PARDUCCI'S MOTION FOR RECONSIDERATION OF JUNE 10, 2019 ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT (DOC 730) -- 7

## CERTIFICATE OF SERVICE

I hereby certify that I am a defendant, Noel Parducci, Pro Se, 103 Monterey Drive, Medford, Oregon 97504, and that, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **DEFENDANT NOEL PARDUCCI'S MOTION FOR RECONSIDERATION OF JUNE 10, 2019 ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT (DOC 730)** was livered to the following this 24th day of June, 2019 via electronic mail.

Krista K. Bush
kbush@ftc.gov
Laura M. Solis
lsolis@ftc.gov
Richard McKewen
rmckewen@ftc.gov
Connor Shively
cshively@ftc.gov
Federal Trade Commission
915 Second Avenue, Suite 2896
Seattle, WA 98174

James E. Magleby
magleby@mcgiplaw.com
Eric K. Schnibbe
schnibbe@mcgiplaw.com
Magleby Cataxinos Greenwood
170 South Main Street, Suite 1100
Salt Lake City, UT 94101

Linda Babb
Gmamma910@gmail.com
440 Chateau Dr.
Eagle Point, OR 97524

William Strickler
bilofo541@gmail.com
2989 Thompson Creek Rd
Jacksonville, OR 97530

Tyler King
tyler@lawgroupsfs.com

David Paradis
dparadis@brophylegal.com
Brophy Schmor LLP
201 W. Main Street, 5th Floor
Medford, OR 97501

Laura Lovrien
ljlovrien@embarqmail.com
7610 Torrey Pines Ter.
Eagle Point, OR 97524

Lydia Pugsley
lydia@abdinc.biz
3339 E Tanglewood Dr
Phoenix, AZ 85048

Shannon Bacon
sbrenee@gmail.com
555 Old Trail Creek Rd
Trail, OR 97541

Colleen Kaylor
cmarie0322@yahoo.com

/s/ Noel Parducci

DEFENDANT NOEL PARDUCCI'S MOTION FOR RECONSIDERATION OF JUNE 10, 2019 ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT (DOC 730) -- 8